IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAH J. BRASHEAR, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SSM HEALTH CARE CORPORATION,<br><br>Defendant. | Case No. 4:22-cv-00569-SRC<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Defendant SSM Health Care Corporation ("SSM" or "Defendant"), by and through its attorneys, and for their Answer to Plaintiff's Original Collective Action Complaint ("Complaint")[1] states as follows:

**I.**
**OVERVIEW[2]**

1.      This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the state laws of Illinois, and FED. R. CIV. P. 23, to recover unpaid wages, overtime wages, and other applicable penalties.

**ANSWER:    The allegations in Paragraph 1 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits**

---

[1] Defendant is filing a Motion to Dismiss a portion of Count II of Plaintiff's Complaint contemporaneously hereto.
[2] All references to headers are not admissions by Defendant but rather are used for ease of reference and consistency across the pleadings.

only that Plaintiff purports to bring this Action as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, and as a class action pursuant to Illinois law. Defendant denies any allegations of this Paragraph to the extent that Plaintiff alleges Defendant has violated the FLSA or the Illinois Minimum Wage Law ("IMWL"). Defendant further states it has filed a Partial Motion to Dismiss Count II of Plaintiff's Complaint, alleging violations of the Illinois Wage Payment and Collection Act ("IWPCA"), and no further response is required. Defendant denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2.      Plaintiff and the Putative Class Members are those similarly situated persons who worked for SSM at any time from May 24, 2019 through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime.

ANSWER:   The allegations in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies any allegations of this Paragraph to the extent that Plaintiff alleges Defendant violated the FLSA, the IMWL, or any other law. Defendant further denies that Plaintiff and the Putative Class Members are similarly situated. Further answering, Defendant is without knowledge or information sufficient to determine the identities of "similarly situated persons," and therefore denies same. Defendant denies the remaining allegations in Paragraph 2 of Plaintiff's Complaint.

3.      Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

**ANSWER:     Defendant denies the allegations in Paragraph 3 of the Complaint.**

4.      During the relevant time period, SSM knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

**ANSWER:     Defendant denies the allegations in Paragraph 4 of the Complaint.**

5.      Specifically, SSM's regular practice-including during weeks when Plaintiff and the Putative Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock") -was (and is) to automatically deduct a 30-minute meal-period (and sometimes one hour) from Plaintiff and the Putative Class Members' daily time even though they regularly worked (and continue to work) "off-the-clock" through their respective meal-period breaks.

**ANSWER:     Defendant denies the allegations in Paragraph 5 of the Complaint.**

6.      The effect of SSM's practices was (and continues to be) that all time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, SSM has failed to properly compensate Plaintiff and the Putative Class Members for all hours worked and has failed to properly compensate them the proper amount of overtime.

**ANSWER:     Defendant denies the allegations in Paragraph 6 of the Complaint.**

7.      Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

**ANSWER:     The allegations in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 7 of the Complaint related to Plaintiff.  Further answering, Defendant is without knowledge or information sufficient to determine the identities of "Putative Class Members," and therefore denies same.**

3

8.      Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the Illinois Acts as class actions pursuant to Federal Rule of Civil Procedure 23.

**ANSWER:    The allegations in Paragraph 8 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that Plaintiff seeks damages pursuant to the FLSA, the IMWL, and the IWPCA by way of this Action.  Defendant denies any allegations of this Paragraph to the extent that Plaintiff alleges Defendant violated the FLSA and the IMWL and denies that Plaintiff or the Putative Class are entitled to relief.  Defendant further states it has filed a partial Motion to Dismiss Count II of Plaintiff's Complaint, related to the IWPCA, and thus no response is required; however, Defendant denies any allegations of this Paragraph to the extent that Plaintiff alleges Defendant violated the IWPCA.  Further answering, Defendant is without knowledge or information sufficient to determine the identities of "Putative Class Members," and therefore denies same.**

9.      Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

**ANSWER:    Defendant denies the allegations in Paragraph 9 of the Complaint.  Further answering, Defendant is without knowledge or information sufficient to determine the identities of "similarly situated workers" or "Putative Class Members," and therefore denies same.  Finally, Defendant denies that notice and an opportunity to opt-in is appropriate.**

10.     Plaintiff also prays that the Rule 23 classes are certified as defined herein, and Plaintiff Brashear be named as Class Representative of the Illinois Class.

**ANSWER:   Defendant admits only that Plaintiff seeks certification but denies that class certification is appropriate.  Defendant states it has filed a Partial Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10 of the Complaint.**

## II.
## THE PARTIES

11.     Plaintiff Sarah Brashear ("Brashear") was employed by SSM in Illinois during the relevant time period. Plaintiff Brashear did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[3]

**ANSWER:   Defendant denies that it employed Plaintiff.  Defendant admits that Good Samaritan Regional Health Center d/b/a SSM Health Good Samaritan Hospital – Mount Vernon employed Plaintiff in Illinois.  Defendant denies all remaining allegations of Paragraph 11 of the Complaint.**

12.     The FLSA Collective Members are those current and former hourly employees who were employed by SSM at any time from May 24, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Brashear worked and was paid.

---

[3] The written consent of Sarah Brashear is attached hereto as Exhibit "A".  (Complaint)

**ANSWER:    The allegations in Paragraph 12 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 12 of the Complaint.  Further answering, Defendant is without knowledge or information sufficient to determine the identities of the "FLSA Collective Members," and therefore denies same.  Defendant denies all remaining allegations of Paragraph 12 of the Complaint.**

13.    The Illinois Class Members are those current and former hourly employees who were employed by SSM, in Illinois, at any time from May 24, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Brashear worked and was paid.

**ANSWER:    The allegations in Paragraph 13 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 13 of the Complaint.  Further answering, Defendant is without knowledge or information sufficient to determine the identities of the "Illinois Class Members," and therefore denies same.  Finally, Defendant states it has filed a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and no response is required.  Defendant denies all remaining allegations in Paragraph 13 of the Complaint.**

14.    Defendant SSM is a domestic non-profit corporation, licensed to and doing business in the State of Missouri, and may be served through its registered agent for service of process: **CT Corporation System, 120 S. Central Ave., Clayton, Missouri, 63105**.

**ANSWER:    Answering Paragraph 14 Defendant admits that it is a non-profit corporation, licensed to do business in the State of Missouri, and that it has been served with process in this matter.**

### III.
### JURISDICTION & VENUE

15.     This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. §
1331 as this is an action arising under 29 U.S.C. §§ 201–19.

**ANSWER:     The allegations in Paragraph 15 of the Complaint constitute legal conclusions
to which no response is required.  To the extent a response is required, Defendant admits
this Court has federal question jurisdiction over claims brought pursuant to the FLSA, but
it denies that it committed any unlawful acts as alleged in Plaintiff's Complaint or otherwise.**

16.     This Court has supplemental jurisdiction over the additional Illinois state law
claims pursuant to 28 U.S.C. § 1367.

**ANSWER:     The allegations in Paragraph 16 of the Complaint constitute legal conclusions
to which no response is required.  To the extent a response is required, Defendant admits
this Court has supplemental jurisdiction over claims brought pursuant to Illinois law, but it
denies that it committed any unlawful acts as alleged in Plaintiff's Complaint or otherwise.**

17.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §
1331 as this is an action arising under 29 U.S.C. §§ 201–19.

**ANSWER:     The allegations in Paragraph 17 of the Complaint constitute legal conclusions
to which no response is required.  To the extent a response is required, Defendant admits
this Court has subject matter jurisdiction over Defendant but denies that conduct occurred
as alleged in the Complaint, and further denies that it committed any unlawful acts as alleged
in Plaintiff's Complaint or otherwise.**

18.     This Court has personal jurisdiction over SSM because the cause of action arose
within this district as a result of SSM's conduct within this District and Division.

**ANSWER:**   The allegations in Paragraph 18 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits this Court has personal jurisdiction over Defendant but denies that conduct occurred as alleged in the Complaint, and further denies that it committed any unlawful acts as alleged in Plaintiff's Complaint or otherwise.

19.     Venue is proper in the Eastern District of Missouri because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

**ANSWER:**   The allegations in Paragraph 19 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits venue is proper in this Court but denies that the events or omissions occurred as alleged in the Complaint.

20.     Specifically, SSM's corporate headquarters are in St. Louis, Missouri, which is located within this District and Division.

**ANSWER:**   Answering Paragraph 20 Defendant admits that its headquarters are located within this District and Division, but further answers that the location of its headquarters is Creve Coeur, Missouri.

21.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**   The allegations in Paragraph 21 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits venue is proper in this Court but denies that the events or omissions occurred as alleged in the Complaint.

**VI.**
**ADDITIONAL FACTS**

22.     Defendant SSM is an integrated health care network providing healthcare services to its patients throughout the Midwest.[4]

**ANSWER:   Defendant states the website cited in footnote 4 in Paragraph 22 of the Complaint speaks for itself, and no response is required.  To the extent a response is required, Defendant admits the allegations of Paragraph 22 of the Complaint.**

23.     To provide its services, SSM employed (and continues to employ) numerous hourly workers—including Plaintiff and the individuals that make up the putative or potential class.

**ANSWER:   Defendant admits that Good Samaritan Regional Health Center d/b/a SSM Health Good Samaritan Hospital – Mount Vernon employed Plaintiff and that she was an hourly employee during her employment.  Defendant is without knowledge or information sufficient to determine the identities of the "Putative Class Members," and therefore denies same.**

24.     While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work throughout SSM's facilities in the United States.

**ANSWER:   Defendant is without knowledge or information sufficient to determine the identities of the "Putative Class Members," and therefore denies same.  Defendant further denies that it subjected any of its employees to any illegal pay practices.**

25.     Plaintiff Brashear was employed by SSM in Illinois from approximately March of 2020 until August of 2021.

---

[4] https://www.ssmhealth.com/resources/about.

**ANSWER:   Defendant denies that it employed Plaintiff.   Defendant admits that Good Samaritan Regional Health Center d/b/a SSM Health Good Samaritan Hospital – Mount Vernon employed Plaintiff in Illinois from approximately April of 2020 until August of 2021.**

26.     Plaintiff and the Putative Class Members are (or were) hourly employees subject to an automatic 30-minute meal break deduction each day.

**ANSWER:   Defendant denies the allegations in Paragraph 26 of the Complaint as to Plaintiff.   Defendant is without knowledge or information sufficient to determine the identities of the "Putative Class Members," and therefore denies same.**

27.     Importantly, none of the FLSA exemptions relieving a covered employer (such as SSM) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

**ANSWER:   The allegations in Paragraph 27 of the Complaint constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 27 of the Complaint.   Further answering, Defendant is without knowledge or information sufficient to determine the identities of the "Putative Class Members," and therefore denies same.**

28.     Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties.

**ANSWER:   The allegations in Paragraph 28 of the Complaint constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 28 of the Complaint.   Further answering, Defendant is without knowledge or information sufficient to determine the identities of the "Putative Class Members," and therefore denies same.**

29.     Plaintiff and the Putative Class Members are similarly situated with respect to their pay structure.

**ANSWER:     The allegations in Paragraph 29 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 29 of the Complaint.  Further answering, Defendant is without knowledge or information sufficient to determine the identities of the "Putative Class Members," and therefore denies same.**

30.     Plaintiff and the Putative Class Members are similarly situated with respect to the policies (and practices) of SSM resulting in the complained of FLSA and Illinois Acts violations.

**ANSWER:     The allegations in Paragraph 30 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 30 of the Complaint.  Further answering, Defendant is without knowledge or information sufficient to determine the identities of the "Putative Class Members," and therefore denies same.**

31.     Plaintiff and the Putative Class Members typically worked over forty (40) hours per week.

**ANSWER:     Defendant denies the allegation in Paragraph 31 of the Complaint related to Plaintiff.  Defendant is without knowledge or information sufficient to determine the identities of the "Putative Class Members," and therefore denies same.**

32.     In addition to their "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to three (3) hours "off-the-clock" per week and have not been compensated for that time.

**ANSWER:     Defendant denies the allegations in Paragraph 32 of the Complaint related to**

Plaintiff.   Defendant is without knowledge or information sufficient to determine the identities of the "Putative Class Members," and therefore denies same.

### *Unpaid Meal Breaks*

33.     SSM has a policy wherein it automatically deducts at least one, and as many as two, 30-minute meal periods from Plaintiff and the Putative Class Members' daily time.

**ANSWER:     Defendant denies the allegations in Paragraph 33 of the Complaint.**

34.     Non-exempt employees, such as Plaintiff and the Putative Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked if they work eight (8) or fewer hours in a day.

**ANSWER:     Defendant denies the allegations in Paragraph 34 of the Complaint.**

35.     SSM will deduct one full hour from Plaintiff and the Putative Class Members' hours worked if they work more than eight (8) hours in a day.

**ANSWER:     Defendant denies the allegations in Paragraph 35 of the Complaint.**

36.     Moreover, SSM does not completely relieve Plaintiff and the Putative Class Members from duty during their day for the purposes of taking their meal break(s).

**ANSWER:     Defendant denies the allegations in Paragraph 36 of the Complaint related to Plaintiff.   Defendant is without knowledge or information sufficient to determine the identities of the "Putative Class Members," and therefore denies same.**

37.     Plaintiff and the Putative Class Members are required to perform duties, whether active or inactive, during all hours of their shift and frequently are unable to receive sufficient time to eat a meal due to their constant patient calls and duties.

**ANSWER:    Defendant denies the allegations in Paragraph 37 of the Complaint related to Plaintiff.   Defendant is without knowledge or information sufficient to determine the identities of the "Putative Class Members," and therefore denies same.**

38.     SSM was (and continues to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and the Illinois Acts.

**ANSWER:    Defendant denies the allegations in Paragraph 38 of the Complaint related to Plaintiff. Defendant is without knowledge or information sufficient to determine the identities of the "Putative Class Members," and therefore denies same and specifically denies that Defendant violated the FLSA, the Illinois Acts, or any other law.**

39.     SSM's systematic deduction of 30-minutes to one hour each day from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and the Illinois Acts.

**ANSWER:    Defendant denies the allegations in Paragraph 39 of the Complaint.**

40.     SSM's systematic deduction of 30-minutes to one hour from Plaintiff and the Putative Class Members' actual hours worked at or below forty (40) hours per workweeks and Plaintiff and the Putative Class Members' actual hours worked in excess of 40 hours per workweek, deprived (and continues to deprive) Plaintiff and the Putative Class Members of the required and proper amount of straight time pay and overtime pay in violation of the FLSA and the Illinois Acts.

**ANSWER:    Defendant denies the allegations in Paragraph 40 of the Complaint.**

41.     As a result of SSM's failure to compensate Plaintiff and the Putative Class Members for performing work "off-the-clock," Plaintiff and the Putative Class Members worked straight time hours and overtime hours for which they were not compensated.

**ANSWER:     Defendant denies the allegations in Paragraph 41 of the Complaint.**

42.     SSM knew or should have known that it was (and is) miscalculating Plaintiff and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

**ANSWER:     Defendant denies the allegations in Paragraph 42 of the Complaint.**

43.     SSM knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

**ANSWER:     Defendant denies the allegations in Paragraph 43 of the Complaint.**

44.     SSM knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

**ANSWER:     Defendant denies the allegations of Paragraph 44 of the Complaint.**

45.     Because SSM did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, SSM's pay policies and practices willfully violate the FLSA.

**ANSWER:     Defendant denies the allegations in Paragraph 45 of the Complaint.**

46.     Because SSM did not pay Plaintiff and the Putative Class Members for all straight-time hours worked, SSM's pay policies and practices also willfully violate the Illinois Acts.

14

**ANSWER:** Defendant denies the allegations in Paragraph 46 of the Complaint.

**V.**

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**(Collective Action Alleging FLSA Violations)**

**A.    FLSA COVERAGE**

47.    Paragraphs 1–46 are fully incorporated herein.

**ANSWER:    Defendant incorporates all foregoing Paragraphs herein in their entirety as if set forth in full.**

48.    The FLSA Collective is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR SSM HEALTH CARE CORPORATION, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM MAY 24, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION ("FLSA Collective" or "FLSA Collective Members").**

**ANSWER:    The allegations in Paragraph 48 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to bring this Action as a Collective Action pursuant to the FLSA and defines the purported Collective Group in Paragraph 48 of the Complaint.  Defendant denies any allegations of this Paragraph to the extent that Plaintiff alleges Defendant violated the FLSA, and Defendant further denies that this Action is appropriate for treatment on a collective or class-wide basis.**

49.    At all times hereinafter mentioned, SSM has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:    The allegations in Paragraph 49 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits**

**that it is an employer as that termed is defined in the FLSA, but denies that Defendant employed Plaintiff.**

50.     At all times hereinafter mentioned, SSM has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

**ANSWER:    The allegations in Paragraph 50 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 50 of the Complaint.**

51.     At all times hereinafter mentioned, SSM has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

**ANSWER:    The allegations in Paragraph 51 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 51 of the Complaint.**

52.     Specifically, SSM operates numerous health care facilities, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

**ANSWER:     Defendant admits it operates health care facilities and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.   Unless specifically admitted, Defendant denies the remaining allegations of Paragraph 52 of the Complaint.**

53.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by SSM, these individuals provided services for SSM that involved interstate commerce for purposes of the FLSA.

**ANSWER:     The allegations in Paragraph 53 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 53 of the Complaint.  Further answering, Defendant is without knowledge or information sufficient to determine the identities of the purported "Collective Members," and therefore denies same.  Defendant denies any allegations of this Paragraph to the extent that Plaintiff alleges Defendant violated the FLSA, and Defendant further denies that this Action is appropriate for treatment on a collective or class-wide basis.**

54.     In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

**ANSWER:     The allegations in Paragraph 54 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 54 of the Complaint.  Further answering, Defendant is without knowledge or information sufficient to determine the identities of the "Collective Members," and therefore denies same.  Defendant denies any allegations of this Paragraph to the extent**

**that Plaintiff alleges Defendant violated the FLSA, and Defendant further denies that this**

**Action is appropriate for treatment on a collective or class-wide basis.**

55.     Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted SSM's customers and employees throughout the United States. 29 U.S.C. § 203(j).

**ANSWER:   Defendant admits only that Plaintiff was an hourly employee.   Further answering, Defendant is without knowledge or information sufficient to determine the identities of the "Collective Members," and therefore denies same.  Defendant denies any allegations of this Paragraph to the extent that Plaintiff alleges Defendant violated the FLSA, and Defendant further denies that this Action is appropriate for treatment on a collective or class-wide basis.**

56.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

**ANSWER:   The allegations in Paragraph 56 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 56 of the Complaint.  Further answering, Defendant is without knowledge or information sufficient to determine the identities of the "Collective Members," and therefore denies same.  Defendant denies any allegations of this Paragraph to the extent that Plaintiff alleges Defendant violated the FLSA, and Defendant further denies that this Action is appropriate for treatment on a collective or class-wide basis.**

57.     The proposed class of similarly situated employees – that is, FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 48.

**ANSWER:**    The allegations in Paragraph 57 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 57 of the Complaint.  Further answering, Defendant is without knowledge or information sufficient to determine the identities of the "collective members," and therefore denies same.  Defendant denies any allegations of this Paragraph to the extent that Plaintiff alleges Defendant violated the FLSA, and Defendant further denies that this Action is appropriate for treatment on a collective or class-wide basis.

58.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of SSM.

**ANSWER:**    The allegations in Paragraph 58 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 58 of the Complaint.  Defendant denies any allegations of this Paragraph to the extent that Plaintiff alleges Defendant violated the FLSA, and Defendant further denies that this Action is appropriate for treatment on a collective or class-wide basis.

**B.    FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

59.    SSM violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce, the operation of a hospital, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

**ANSWER:**    Defendant denies the allegations in Paragraph 59 of the Complaint.

60.     Moreover, SSM knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

**ANSWER:     Defendant denies the allegations in Paragraph 60 of the Complaint.**

61.     SSM knew or should have known their pay practices were in violation of the FLSA.

**ANSWER:     Defendant denies the allegations in Paragraph 61 of the Complaint.**

62.     SSM is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

**ANSWER:     Defendant denies the allegations in Paragraph 62 of the Complaint.**

63.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted SSM to pay them according to the law.

**ANSWER:     Defendant admits only that Plaintiff was an employee of Good Samaritan Regional Health Center d/b/a SSM Health Good Samaritan Hospital – Mount Vernon, but denies the remaining allegations in Paragraph 63 of the Complaint.**

64.     The decision and practice by SSM to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was not reasonable nor in good faith.

**ANSWER:     Defendant denies the allegations in Paragraph 64 of the Complaint.**

65.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**ANSWER:     Defendant denies the allegations in Paragraph 65 of the Complaint and denies that Plaintiff or the "FLSA Collective Members" are entitled to any relief whatsoever.**

C.      **COLLECTIVE ACTION ALLEGATIONS**

66.     All previous paragraphs are incorporated as though fully set forth herein.

**ANSWER:     Defendant incorporates all foregoing Paragraphs herein in their entirety as if set forth in full.**

67.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of SSM's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

**ANSWER:     The allegations in Paragraph 67 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 67 of the Complaint.**

68.     Other similarly situated employees of SSM have been victimized by SSM's patterns, practices, and policies, which are in willful violation of the FLSA.

**ANSWER:     Defendant denies the allegations in Paragraph 68 of the Complaint.**

69.     The FLSA Collective Members are defined in Paragraph 48.

**ANSWER:     The allegations in Paragraph 69 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to bring this Action as a Collective Action pursuant to the FLSA and defines the purported Collective Group in Paragraph 48 of the Complaint.  Defendant denies any allegations of this Paragraph to the extent that Plaintiff alleges Defendant violated the FLSA, and Defendant further denies that this Action is appropriate for treatment on a collective or class-wide basis.**

70.     SSM's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of SSM's, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

**ANSWER:     The allegations in Paragraph 70 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 70 of the Complaint.**

71.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

**ANSWER:     The allegations in Paragraph 71 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 71 of the Complaint.**

72.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

**ANSWER:     The allegations in Paragraph 72 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 72 of the Complaint.**

73.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

**ANSWER:     The allegations in Paragraph 73 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies any**

allegations of this Paragraph to the extent that Plaintiff alleges Defendant violated the FLSA as alleged in the Complaint.

74.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

**ANSWER:     The allegations in Paragraph 74 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 74 of the Complaint.**

75.     Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and SSM will retain the proceeds of their violations.

**ANSWER:     The allegations in Paragraph 75 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 75 of the Complaint.**

76.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

**ANSWER:     The allegations in Paragraph 76 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 76 of the Complaint.**

77.     Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 48.

**ANSWER:     The allegations in Paragraph 77 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 77 of the Complaint.**

## COUNT TWO

### (Class Action Alleging Violations of the Illinois Acts)

**A.    ILLINOIS ACTS COVERAGE**

78.    Paragraphs 1–77 are incorporated as though fully set forth herein.

**ANSWER:    Defendant incorporates all foregoing Paragraphs herein in their entirety as if set forth in full.**

79.    The Illinois Class is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR SSM HEALTH CARE CORPORATION, IN ILLLINOIS, AT ANY TIME FROM MAY 24, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION ("Illinois Class" or "Illinois Class Members")**

**ANSWER:    The allegations in Paragraph 79 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to bring this Action as a Class Action pursuant to the Illinois Acts and defines the purported Class in Paragraph 79 of the Complaint.  Defendant denies any allegations of this Paragraph to the extent that Plaintiff alleges Defendant violated the Illinois Acts, and Defendant further denies that this Action is appropriate for treatment on a collective or class-wide basis.  Defendant has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related to the IWPCA.  To the extent a response is required, Defendant denies the allegations in Paragraph 79 of the Complaint.**

80.    At all times hereinafter mentioned, SSM was and has been an "employer" within the meaning of the Illinois Acts. See 820 ILCS § 115/1; see also 820 ILCS § 105/3(c)–(d).

**ANSWER:    Defendant admits that it is an employer as that term is defined in the IMWL, but Defendant has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related to the IWPCA.  To the extent a response is required, Defendant denies the allegations in Paragraph 80 of the Complaint.  Defendant denies all remaining allegations in Paragraph 80 of the Complaint.**

81.    At all times hereinafter mentioned, Plaintiff Brashear and the Illinois Class Members have been "employees" within the meaning of the Illinois Acts. *See id.*

**ANSWER:    Defendant admits that Plaintiff is an employee as that term is defined by the IMWL, but denies that Plaintiff was an employee of Defendant. Defendant is without knowledge or information sufficient to determine the identities of "Illinois Class Members," and therefore denies same.  Defendant has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related to the IWPCA.  To the extent a response is required, Defendant denies the allegations in Paragraph 81 of the Complaint.  Defendant denies all remaining allegations in Paragraph 81 of the Complaint.**

82.    Plaintiff Brashear and the Illinois Class Members were or have been employed by SSM since May 24, 2019 and have been covered employees entitled to the protections of the Illinois Acts and were not exempt from the protections of the Illinois Acts.

**ANSWER:    Defendant denies the allegations in Paragraph 82 of the Complaint related to Plaintiff.  Defendant is without knowledge or information sufficient to determine the identities of "Illinois Class Members," and therefore denies same.  Defendant has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related to the IWPCA.  To the extent a response is**

**required, Defendant denies the allegations in Paragraph 82 of the Complaint.  Defendant denies all remaining allegations in Paragraph 82 of the Complaint.**

83.     The employer, SSM, is not exempt from paying minimum wage and overtime benefits under the Illinois Acts.

**ANSWER:     The allegations in Paragraph 83 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 83 of the Complaint related to the IMWL.  Defendant has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related to the IWPCA.  To the extent a response is required, Defendant denies the allegations in Paragraph 84 of the Complaint.  Defendant denies all remaining allegations in Paragraph 84 of the Complaint.**

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE ILLINOIS ACTS**

84.     All previous paragraphs are incorporated as though fully set forth herein.

**ANSWER:     Defendant incorporates all foregoing Paragraphs herein in their entirety as if set forth in full.**

85.     The Illinois Acts require employers like SSM to pay wages for all hours worked. *See* 820 ILCS § 105/12; *see also* 820 ILCS § 115/3.

**ANSWER:     The allegations in Paragraph 85 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 85 of the Complaint related to the IMWL.  Defendant has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related the IWPCA.  To the extent a response is required, Defendant denies the allegations in Paragraph 85 of the Complaint.**

86.     The Plaintiff Brashear and Illinois Class Members are ***non-exempt*** employees who are entitled to be paid for all hours worked. *See id*.

**ANSWER:     The allegations in Paragraph 86 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that Plaintiff Brashear is a non-exempt employee.  Defendant denies the remaining allegations in Paragraph 86 of the Complaint.  Responding further, Defendant has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related the IWPCA.  To the extent a response is required, Defendant denies the allegations in Paragraph 86 of the Complaint.**

87.     SSM has a company-wide policy and practice of failing to pay Plaintiff Brashear and Illinois Class Members for all hours worked. 820 ILCS § 105/5.

**ANSWER:     Defendant denies the allegation in Paragraph 87 of the Complaint.  Defendant further answers that it has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related the IWPCA. To the extent a response is required, Defendant denies the allegations in Paragraph 87 of the Complaint.**

88.     SSM has a continuing policy and practice of failing to pay overtime wages for all hours worked in excess of forty (40) hours in a workweek. *See* 820 ILCS § 105/4a.

**ANSWER:     Defendant denies the allegation in Paragraph 88 of the Complaint.  Defendant further answers that it has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related the IWPCA. To the extent a response is required, Defendant denies the allegations in Paragraph 88 of the Complaint.**

89.     As a result of SSM's illegal and company-wide policies applicable to Plaintiff Brashear and Illinois Class Members' wages, and its failure to pay the applicable minimum wage and overtime wages to the Illinois Class Members, SSM violated the Illinois Acts.

**ANSWER:     Defendant denies the allegation in Paragraph 89 of the Complaint.  Defendant further answers that it has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related the IWPCA. To the extent a response is required, Defendant denies the allegations in Paragraph 89 of the Complaint.**

90.     SSM's failure to pay for all hours worked, and failure to pay overtime wages for all hours worked in excess of forty (40) in a workweek to the Illinois Class Members who performed work on behalf of SSM in Illinois is part of a continuing course of conduct.

**ANSWER:     Defendant denies the allegation in Paragraph 90 of the Complaint.  Defendant further answers that it has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related the IWPCA. To the extent a response is required, Defendant denies the allegations in Paragraph 90 of the Complaint.**

91.     Plaintiff Brashear and Illinois Class Members who performed work on behalf of SSM in Illinois are entitled to invoke the benefits of the Illinois Acts, including but not limited to 820 ILCS § 105/12(a); 820 ILCS § 115/14; 820 ILCS § 115/11; and 815 ILCS § 205/2.

**ANSWER:     Defendant denies the allegation in Paragraph 91 of the Complaint.  Defendant further answers that it has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related the IWPCA.**

**To the extent a response is required, Defendant denies the allegations in Paragraph 91 of the Complaint.**

92.     As a result, this action, "may encompass all violations that occurred as part of SSM's continuing course of conduct regardless of the date on which they occurred."

**ANSWER:     Defendant denies the allegation in Paragraph 92 of the Complaint.  Defendant further answers that it has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related the IWPCA. To the extent a response is required, Defendant denies the allegations in Paragraph 92 of the Complaint.**

93.     Plaintiff Brashear and Illinois Class Members have suffered damages and continue to suffer damages as a result of SSM' acts or omissions described herein; though SSM is in possession and control of necessary documents and information from which the Illinois Class Members would be able to precisely calculated damages.

**ANSWER:     Defendant denies the allegation in Paragraph 93 of the Complaint.  Defendant further answers that it has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related the IWPCA. To the extent a response is required, Defendant denies the allegations in Paragraph 93 of the Complaint.**

94.     Plaintiff Brashear and Illinois Class Members seek the amount of their underpayments based on SSM's failure to pay wages for all hours worked, failure to pay overtime wages for all hours worked in excess of forty (40) hours in a workweek, an equal amount as liquidated damages, and such other legal and equitable relief from SSM's willful conduct as the Court deems just and proper.

29

**ANSWER:     Defendant denies the allegation in Paragraph 94 of the Complaint.  Defendant further answers that it has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related the IWPCA. To the extent a response is required, Defendant denies the allegations in Paragraph 94 of the Complaint.**

95.     Accordingly, the Illinois Acts Class should be certified as defined in Paragraph 79.

**ANSWER:     The allegations in Paragraph 95 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to bring this Action as a Class Action pursuant to the Illinois Acts and defines the purported Class in Paragraph 79 of the Complaint.  Defendant denies any allegations of this Paragraph to the extent that Plaintiff alleges Defendant violated the Illinois Acts, and Defendant further denies that this Action is appropriate for treatment on a collective or class-wide basis.  Defendant has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related to the IWPCA. To the extent a response is required, Defendant denies the allegations in Paragraph 95 of the Complaint.**

**C.     ILLINOIS CLASS ALLEGATIONS**

96.     Plaintiff Brashear brings her Illinois claims pursuant to Illinois Statutes as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by SSM to work in Illinois since May 24, 2019.

**ANSWER:     The allegations in Paragraph 96 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to bring this Action as a Class Action pursuant to the "Illinois**

Statutes."  **Defendant denies any allegations of this Paragraph to the extent that Plaintiff alleges Defendant violated the "Illinois Statutes," and Defendant further denies that this Action is appropriate for treatment on a collective or class-wide basis.  Defendant has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related to the IWPCA.  To the extent a response is required, Defendant denies the allegations in Paragraph 96 of the Complaint.**

97.    Class action treatment of Plaintiff Brashear and the Illinois Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

**ANSWER:    The allegations in Paragraph 97 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 97 of the Complaint.  Defendant further answers that it has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related to the IWPCA.  To the extent a response is required, Defendant denies the allegations in Paragraph 97 of the Complaint.**

98.    The number of Illinois Class Members is so numerous that joinder of all class members is impracticable.

**ANSWER:    The allegations in Paragraph 98 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 98 of the Complaint.  Defendant further answers that it has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related to the IWPCA.  To the extent a response is required, Defendant denies the allegations in Paragraph 98 of the Complaint.**

99.     Plaintiff Brashear is a member of the Illinois Class, her claims are typical of the claims of other Illinois Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

**ANSWER:     The allegations in Paragraph 99 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 99 of the Complaint.  Defendant further answers that it has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related to the IWPCA.  To the extent a response is required, Defendant denies the allegations in Paragraph 99 of the Complaint.**

100.     Plaintiff Brashear and her counsel will fairly and adequately represent the Illinois Class Members and their interests.

**ANSWER:     The allegations in Paragraph 100 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 100 of the Complaint.  Defendant further answers that it has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related to the IWPCA.  To the extent a response is required, Defendant denies the allegations in Paragraph 100 of the Complaint.**

101.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**ANSWER:     The allegations in Paragraph 101 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the**

allegations in Paragraph 101 of the Complaint.  Defendant further answers that it has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related to the IWPCA.  To the extent a response is required, Defendant denies the allegations in Paragraph 101 of the Complaint.

102.    Accordingly, the Illinois Class should be certified as defined in Paragraph 79.

**ANSWER:**    **The allegations in Paragraph 102 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to bring this Action as a Class Action pursuant to the Illinois Acts and defines the purported Class in Paragraph 79 of the Complaint.  Defendant denies any allegations of this Paragraph to the extent that Plaintiff alleges Defendant violated the Illinois Acts, and Defendant further denies that this Action is appropriate for treatment on a collective or class-wide basis.  Defendant has submitted a Motion to Dismiss Count II of Plaintiff's Complaint alleging violations of the IWPCA, and therefore, no response is required related to the IWPCA.  To the extent a response is required, Defendant denies the allegations in Paragraph 102 of the Complaint.**

**VI.**
**RELIEF SOUGHT**

103.    Plaintiff Brashear respectfully prays for judgment against SSM as follows:

a. For an Order certifying the FLSA Collective as defined in Paragraph 48;

b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to Section 16(b) of the FLSA finding SSM liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have

joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order certifying the Illinois Class as defined in paragraph 79, and designating Plaintiff Brashear as Representative of the Illinois Class;

e. For an Order pursuant to the Illinois Acts awarding Plaintiff Brashear and the Illinois Class Members damages for unpaid wages, unpaid overtime, treble damages, and all other damages allowed by law;

f. For an Order awarding the costs of this action;

g. For an Order awarding attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding Plaintiff Brashear a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of SSM, at SSM's expense; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

**ANSWER: Defendant denies the allegations in Paragraph 103, including subparagraphs (a) through (k) thereof, denies that Plaintiff is entitled to any relief whatsoever.**

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of proof that otherwise does not exist as a matter of law.  Defendant retains the right to amend or supplement these defenses throughout the remainder of this litigation.

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted because, among other reasons, Plaintiff was paid for hours worked, and Plaintiff was paid time and one-half of her regular rate for hours worked in excess of forty (40) in workweeks during the period of time she was employed in a non-exempt capacity. This defense also may apply to the claims of some or all of the purported class or collective of allegedly similarly situated persons.

## SECOND DEFENSE

Plaintiff is barred from recovery in this Action because she and all potential class or collective members have been paid and/or received all wages and all other compensation and/or reimbursement due to them by virtue of their employment.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the work she performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207 or any other applicable law.  This defense also may apply to the claims of some or all of the purported class or collective of allegedly similarly situated persons.

## FOURTH DEFENSE

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiff are barred.  This defense also may apply to the claims of some or all of the of the purported class or collective of allegedly similarly situated persons.

## FIFTH DEFENSE

Plaintiff and all potential class or collective members are not entitled to any relief whatsoever as they represented through an attestation that they took their meal periods and did not perform any duties during said meal periods, and Defendant relied on said attestations in taking

any actions related to meal periods.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the work she performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) and/or (b).  This defense also may apply to the claims of some or all of the purported class or collective of allegedly similarly situated persons.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to her principal activities.  This defense also may apply to the claims of some or all of the purported class or collective of allegedly similarly situated persons.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex*.  This defense also may apply to the claims of some or all of the purported class or collective of allegedly similarly situated persons.

### NINTH DEFENSE

To the extent that discovery reveals that Plaintiff falsely reported her working time and there is no evidence that Defendant required the false reporting of working time; no evidence that Defendant encouraged Plaintiff to falsely report her working time; and no evidence that Defendant knew or should have known that Plaintiff was providing false information regarding her working time, or to the extent discovery reveals that Plaintiff otherwise failed to follow Defendant's policy for reporting her working time, Defendant hereby invokes the doctrine of estoppel or avoidable consequences to bar the claims asserted by Plaintiff.  This defense also may apply to the claims of some or all of the purported class or collective of allegedly similarly situated persons.

**TENTH DEFENSE**

Plaintiff's claim is barred in whole or in part by the doctrine of unclean hands.  This defense also may apply to the claims of some or all of the purported class or collective of allegedly similarly situated persons.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred to the extent any particular employee petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United States bankruptcy code, yet failed to disclose potential claims against Defendant as required under applicable bankruptcy laws. This defense also may apply to the claims of some or all of the purported class or collective of allegedly similarly situated persons.

**TWELFTH DEFENSE**

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because the time alleged by Plaintiff and/or the putative class and collective members does not constitute hours worked within the meaning of state or federal law.

**THIRTEENTH DEFENSE**

Plaintiff's Complaint, and each and every cause of action set forth therein, as a class or collective action, fails because Plaintiff has failed to plead, and cannot establish the necessary procedural elements for such class or collective treatment, and a class or collective action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint.

**FOURTEENTH DEFENSE**

Plaintiff's Complaint cannot proceed as a class or collective action because Plaintiff lacks standing to represent any other putative class or collective action members.

**FIFTEENTH DEFENSE**

Plaintiff's claims are not appropriate for class or collective treatment because claims

alleged in Plaintiff's Complaint are matters in which individual questions predominate.

### SIXTEENTH DEFENSE

The putative class and collective action members Plaintiff seeks to represent are not so numerous that joinder is impossible.

### SEVENTEENTH DEFENSE

The interests of the putative class members whom Plaintiff seeks to represent conflict with the interests of all or certain subgroups of the members of the putative class, and typicality does not exist.

### EIGHTEENTH DEFENSE

Plaintiff has not shown, and cannot show, that class or collective treatment of the causes of action alleged in the Complaint are superior to other methods of adjudicating the controversy.

### NINETEENTH DEFENSE

Plaintiff's proposed class is not ascertainable.

### TWENTIETH DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, or some of them, cannot proceed as a class or collective action because of the difficulties likely to be encountered that render the action unmanageable.

### TWENTY-FIRST DEFENSE

Certification of a class or collective group, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution.

### TWENTY-SECOND DEFENSE

If Plaintiff seeks to adjudicate the claims of Plaintiff, the putative class members, and anyone else allegedly represented in this lawsuit through purported generalized class wide proof,

this would violate Defendant's right to trial by jury and due process guaranteed by the United States Constitution and Missouri Constitution.   Defendant is entitled to individualized determinations of each putative class member's eligibility for overtime pay, as well as an individualized determination of the amount of overtime owed if eligibility for overtime pay is established.  *See Comcast Corp. v. Behrend*, No. 11-864, 2013 U.S. LEXIS 2544 (U.S. Mar. 27, 2013); *Wal-Mart Stores v. Dukes, et al.*, 131 S. Ct. 2541 (2011).  Accordingly, this case cannot be tried on a class basis or on any type of representational basis.

### TWENTY-THIRD DEFENSE

Plaintiff's proposed class and collective definitions are vague and overly broad, and otherwise fail to satisfy the requirements for maintaining a class or collective action.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, in accordance with the doctrine of accord and satisfaction.  This defense also may apply to the claims of some or all of the purported class or collective of allegedly similarly situated persons.

### TWENTY-FIFTH DEFENSE

Plaintiff's Complaint, and each of the purported causes of action therein, fail to state facts sufficient to support an award of attorneys' fees against Defendant.

### TWENTY-SIXTH DEFENSE

Defendant alleges that to the extent any sum is found due and owing to Plaintiff, Defendant is entitled to set-off against said sum to the extent Defendant paid Plaintiff more than otherwise required under the FLSA, and other applicable law.  This defense also may apply to the claims of some or all of the purported class or collective of allegedly similarly situated persons.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims for equitable relief are barred because Plaintiff has an adequate remedy

at law for her alleged injuries.

### TWENTY-EIGHTH DEFENSE

The FLSA claims of Plaintiff and the alleged similarly-situated individuals she seeks to represent are barred, in whole or in part.  Specifically, the statute of limitations under the FLSA is two years, unless the cause of action arose out of a willful violation (in which case the statute of limitations is three years). 29 U.S.C. § 255.  Plaintiff's claims do not arise out of a willful violation and the Complaint alleges willfulness in a conclusory manner instead of providing "well-pleaded factual allegations," so the applicable statute of limitations under the FLSA is two years.

### TWENTY-NINTH DEFENSE

The claims for relief are barred to the extent the requested remedies are beyond those allowed by the FLSA or Illinois law.

### THIRTIETH DEFENSE

Plaintiff cannot meet the requirements of 820 ILCS 105/12, and thus is not entitled to collective or class action certification of an IMWL claim.

### THIRTY-FIRST DEFENSE

Plaintiff's claims, and those claims of any other persons on whose behalf Plaintiff seeks to assert under the FLSA or the IMWL, are barred to the extent that Defendant's conduct was not willful, repeated, or with reckless disregard of the FLSA or the IMWL.

### THIRTY-SECOND DEFENSE

To the extent Defendant is found to have violated the IMWL with respect to Plaintiff's Complaint, said violation was not dilatory or unjust.

### THIRTY-THIRD DEFENSE

Plaintiff cannot offer a model of damages that is amenable to collective or class treatment.

### THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent she failed to exercise reasonable diligence to avoid harm.

## THIRTY-FIFTH DEFENSE

Plaintiff is not entitled to attorneys' fees or costs pursuant to her state law or common law claims.  Plaintiff's claims are barred, in whole or in part, because: (1) Defendant was not Plaintiff's "employer" or the employer of any of the individuals she purports to represent and (2) Plaintiff and the individuals she purports to represent are not Defendant's "employees" as those terms are defined pursuant to the Fair Labor Standards Act ("FLSA") or the Illinois Minimum Wage Law ("IMWL").  See 29 U.S.C. § 203 (d) and (e); See 820 ILCS 115/2.

**WHEREFORE**, Defendant respectfully requests that this Court:

(a) Dismiss Plaintiff's Complaint with prejudice;

(b) Deny Plaintiff's demands and prayers for relief;

(c) Award Defendant's costs and reasonable attorneys' fees incurred in the defense of this action; and

(d) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th day of June, 2022.


*/s/ Benson E. Pope*
James G. Martin, #33586MO
jmartin@dowdbennett.com
DOWD BENNETT LLP
7733 Forsyth Blvd., Suite 1900
St. Louis, MO  63105
Telephone:   314.889.7300
Facsimile:    314.863.2111

Benson E. Pope (Admitted *Pro Hac Vice*)
bpope@littler.com

Amanda Trull (Admitted *Pro Hac Vice*)
atrull@littler.com

LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, GA  30326.1127
Telephone:    404.233.0330
Facsimile:     404.233.2361

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2022, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system to be served by operation of the Court's electronic

filing system upon the following:

Sarah Jane Hunt
LAW OFFICES OF KENNEDY HUNT PC
4500 West Pine Blvd.
St. Louis, MO  63108

Clif Alexander (Admitted *Pro Hac Vice*)
Austin W. Anderson (Pro Hac anticipated)
ANDERSON ALEXANDER, PLLC
819 N. Upper Broadway
Corpus Christi, Texas 78401

*/s/ Benson E. Pope*
Benson E. Pope

Counsel for Defendant