**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **SARAH J. BRASHEAR,**<br>**Individually and on behalf of all others**<br>**similarly situated,** | **Case No. 4:22-CV-00569-SRC** |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| **v.** | **COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(B)** |
| **SSM HEALTH CARE CORPORATION,** | **CLASS ACTION** |
| **Defendant.** | **PURSUANT TO FED. R. CIV. P. 23** |

**FIRST AMENDED COLLECTIVE/CLASS ACTION COMPLAINT**

Plaintiff—Sarah Brashear ("Brashear")—brings this action individually and on behalf of all current and former hourly employees, who were subject to an automatic meal break pay deduction (collectively, "Plaintiff and the Putative Class Members"), and who worked for Defendant—SSM Health Care Corporation ("SSM")—anywhere in the United States, at any time from May 24, 2019, through the final disposition of this matter, to recover compensation, liquidated damages, treble damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207, and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b) and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1—105/15, and the Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS 115/1—115/15 (collectively, the "Illinois Acts").

**I.**
**OVERVIEW**

1.      This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the state laws of Illinois, and FED. R. CIV. P. 23, to recover unpaid wages, overtime wages, and other applicable penalties.

2.　　Plaintiff and the Putative Class Members are those similarly situated persons who worked for SSM at any time from May 24, 2019, through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime.

3.　　Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4.　　During the relevant time period, SSM knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

5.　　Specifically, SSM's regular practice—including during weeks when Plaintiff and the Putative Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period (and sometimes one hour) from Plaintiff and the Putative Class Members' daily time even though they regularly performed compensable work (and continue to perform) "off the clock" through their respective meal-period breaks.

6.　　The effect of SSM's practices was (and continues to be) that all compensable time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, SSM has failed to properly compensate Plaintiff and the Putative Class Members for all hours worked and has failed to properly compensate them the proper amount of overtime.

7.　　Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

8.　　Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29

U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the Illinois Acts as class actions pursuant to Federal Rule of Civil Procedure 23.

9.       Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.      Plaintiff also prays that the Rule 23 classes are certified as defined herein, and Plaintiff Brashear be named as Class Representative of the Illinois Class.

## II.
## THE PARTIES

11.      Plaintiff, Sarah Brashear, was employed by SSM in Illinois during the relevant time period. Plaintiff Brashear did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12.      The FLSA Collective Members are those current and former hourly employees who were employed by SSM at any time from May 24, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Brashear worked and was paid.

13.      The Illinois Class Members are those current and former hourly employees who were employed by SSM in Illinois, at any time from May 24, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Brashear worked and was paid.

14.      Defendant SSM is a domestic non-profit corporation, licensed to and doing business in the State of Missouri. Defendant SSM has been served and appeared herein.

---

[1] The written consent of Sarah Brashear is on file with this Court at ECF No. 1–1.

## III.
## JURISDICTION & VENUE

15.     This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16.     This Court has supplemental jurisdiction over the additional Illinois state law claims pursuant to 28 U.S.C. § 1367.

17.     Plaintiff has entered into no arbitration agreement that would affect the Court's subject-matter jurisdiction.

18.     This Court has general and specific personal jurisdiction over SSM because Illinois qualifies as its home state and Plaintiff's claims arose within this district as a result of SSM's conduct within this District and Division in Illinois.

19.     Venue is proper pursuant to 28 U.S.C. § 1391(b) in the Eastern District of Missouri because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

20.     Specifically, SSM's corporate headquarters are in St. Louis, Missouri, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

21.     Defendant SSM is an integrated health care network providing healthcare services to its patients throughout the Midwest.[2]

22.     To provide its services, SSM employed (and continues to employ) numerous hourly workers—including Plaintiff and the individuals that make up the putative or potential class.

23.     Specifically, Plaintiff and the Putative Class Members were various types of nurses, medical assistants, and other patient facing employees, who assisted with treatments ordered by

---

[2] https://www.ssmhealth.com/resources/about.

doctors, interviewed patients, measured vital signs, recorded patient information, assessed patients, answered phones, checked on patients, assisted other medical professionals while treating patients, and answered patient questions.

24.     Plaintiff and the Putative Class Members typically worked between thirty-six (36) to forty-eight (48) hours each week.

25.     As part of the written employment agreement between SSM and Plaintiff, SSM agreed to pay Plaintiff a mutually agreed upon hourly rate for each and every hour worked.

26.     The employment agreement between the Plaintiff and SSM states the rate of pay that SSM agreed to pay Plaintiff for each non-overtime hour worked.

27.     As part of their employment agreement, SSM also agreed to pay Plaintiff one-and-one-half times her regular rate of pay for each and every hour worked in excess of forty (40) hours in a workweek.

28.     SSM's training and company policies state that the Plaintiff, as a non-exempt employee, would be paid no less than time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

29.     As part of its employment agreements with the Putative Class Members, SSM agreed to pay each Putative Class Member a mutually agreed upon hourly rate for each and every hour worked.

30.     The employment agreements between the Putative Class Members and SSM state the rate of pay that SSM agreed to pay each Putative Class Member for each non-overtime hour worked.

31.     As part of its employment agreements with the Putative Class Members, SSM agreed to pay each Putative Class Member one-and-one-half times their regular rates of pay for each and every hour worked in excess of forty (40) hours in a workweek.

32.     SSM's training and company policies state that the Putative Class Members, as non-exempt employees, would be paid no less than time and one-half their regular rates of pay for each hour worked in excess of forty (40) hours in a workweek.

33.     In sum, SSM and Plaintiff and the Putative Class Members mutually assented that SSM would pay them an agreed hourly rate for all time worked plus an overtime premium for time worked in excess of 40 hours in a week.

34.     While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work throughout SSM's facilities in the United States.

35.     Plaintiff Brashear was employed by SSM in Illinois from approximately March 2020 until August 2021.

36.     Plaintiff and the Putative Class Members are (or were) hourly employees subject to an automatic 30-minute meal break deduction each day.

37.     Importantly, none of the FLSA exemptions relieving a covered employer (such as SSM) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

38.     Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties.

39.     Plaintiff and the Putative Class Members are similarly situated with respect to their pay structure.

40.     Plaintiff and the Putative Class Members are similarly situated with respect to the policies (and practices) of SSM resulting in the complained of FLSA and Illinois Acts violations.

41.     Plaintiff and the Putative Class Members typically worked over forty (40) hours per week.

---

42.     In addition to their "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to three (3) hours "off-the-clock" per week and have not been compensated for that time.

### *Unpaid Meal Breaks*

43.     SSM has a policy to automatically deduct at least one, and as many as two, 30-minute meal periods from Plaintiff and the Putative Class Members' daily time regardless whether they perform compensable work during such "breaks."

44.     Non-exempt employees, such as Plaintiff and the Putative Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked if they work eight (8) or fewer hours in a day.

45.     SSM will deduct one full hour from Plaintiff and the Putative Class Members' hours worked if they work more than eight (8) hours in a day.

46.     Moreover, SSM does not completely relieve Plaintiff and the Putative Class Members from duty during their day for the purposes of taking their meal break(s).

47.     Plaintiff and the Putative Class Members are required to perform duties, whether active or inactive, during all hours of their shift and frequently are unable to receive sufficient time to eat a meal due to their constant patient calls and duties.

48.     As a result of SSM's deductions, Plaintiff and the Putative Class Members were denied compensation for between one and one-half to three hours of work each week.

49.     SSM was (and continues to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and the Illinois Acts.

50.     SSM's systematic deduction of 30 minutes to one hour each day from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the

Putative Class Members working overtime hours for which they were (and are) not compensated at the rates required by the FLSA.

51.     SSM's systematic deduction of 30 minutes to one hour each day from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Class Members working straight time hours and overtime hours for which they were (and are) not compensated in accordance with their employment agreements with SSM.

52.     As a result of SSM's failure to compensate Plaintiff and the Putative Class Members for compensable work performed "off-the-clock," Plaintiff and the Putative Class Members worked overtime hours for which they were not compensated at the rates required by the FLSA.

53.     SSM's failure to pay the Plaintiff and Putative Class Members for all straight time and overtime hours worked at the contractually agreed upon rates also violated the employment agreements between the parties.

54.     SSM knew or should have known that it was (and is) not paying the Plaintiff and the Putative Class Members' the proper amount of overtime compensation in violation of the FLSA.

55.     SSM knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

56.     SSM knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off the clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

57.     Because SSM did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, SSM's pay policies and practices willfully violate the FLSA.

58.     Because SSM did not pay Plaintiff and the Putative Class Members the rate it agreed to pay them in their employment agreements for each straight time and overtime hour, SSM's pay policies and practices also violate the Illinois Acts.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Collective Action Alleging FLSA Violations)

**A.     FLSA COVERAGE**

59.     Paragraphs 1–58 are fully incorporated herein.

60.     The "FLSA Collective" is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR SSM HEALTH CARE CORPORATION, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM MAY 24, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION.**

61.     At all material times, SSM has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

62.     At all material times, SSM has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

63.     At all material times, SSM has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

64.    Specifically, SSM operates numerous health care facilities, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

65.    During the respective periods of Plaintiff and the FLSA Collective Members' employment by SSM, these individuals provided services for SSM that involved interstate commerce for purposes of the FLSA.

66.    In performing work for SSM, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

67.    Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted SSM's customers and employees throughout the United States. 29 U.S.C. § 203(j).

68.    At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

69.    The proposed class of similarly situated employees – that is, FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 60.

70.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of SSM.

**B.    FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

71.    SSM violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce, the operation of a hospital, or in the production of goods for commerce within the meaning of the FLSA for workweeks

longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

72.     Moreover, SSM knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

73.     SSM knew or should have known their pay practices were in violation of the FLSA.

74.     SSM is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

75.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted SSM to pay them according to the law.

76.     The decision and practice by SSM to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was not reasonable nor in good faith.

77.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

78.     All previous paragraphs are incorporated as though fully set forth herein.

79.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of SSM's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

80.     Other similarly situated employees of SSM have been victimized by SSM's patterns, practices, and policies, which are in willful violation of the FLSA.

81.     The FLSA Collective Members are defined in Paragraph 60.

82.     SSM's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of SSM's, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

83.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

84.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

85.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

86.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

87.     Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and SSM will retain the proceeds of their violations.

88.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

89.     Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 60.

## COUNT TWO
**(Class Action Alleging Violations of the Illinois Acts)**

A.      **ILLINOIS ACTS COVERAGE**

90.     Paragraphs 1–89 are incorporated as though fully set forth herein.

91.     The Illinois Class is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR SSM HEALTH CARE CORPORATION, IN ILLLINOIS, AT ANY TIME FROM MAY 24, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION ("Illinois Class" or "Illinois Class Members")**

92.     At all times hereinafter mentioned, SSM was and has been an "employer" within the meaning of the Illinois Acts. *See* 820 ILCS § 115/1; *see also* 820 ILCS § 105/3(c)–(d).

93.     At all times hereinafter mentioned, Plaintiff Brashear and the Illinois Class Members have been "employees" within the meaning of the Illinois Acts. *See id.*

94.     Plaintiff Brashear and the Illinois Class Members were or have been employed by SSM since May 24, 2019, and have been covered employees entitled to the protections of the Illinois Acts and were not exempt from the protections of the Illinois Acts.

95.     The employer, SSM, is not exempt from paying wage and overtime benefits under the Illinois Acts.

B.      **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE ILLINOIS ACTS**

96.     All previous paragraphs are incorporated as though fully set forth herein.

97.     The Illinois Acts require employers like SSM to pay all agreed upon wages for all hours worked. 820 ILCS § 115/2.

98.     The Illinois Acts also require employers like SSM to pay non-exempt employees no less than time-and-one-half their regular rates of pay for each hour worked in excess of forty (40) hours in a workweek. 820 ILCS § 105/4a.

99.     The Plaintiff Brashear and Illinois Class Members are ***non-exempt*** employees who SSM agreed to pay for each hour worked. *See id.*

100.    SSM has a company-wide policy and practice of failing to pay Plaintiff Brashear and Illinois Class Members for each straight time and overtime hour worked.

101.    SSM has a continuing policy and practice of failing to pay the contractually agreed upon hourly rates of pay for each straight time hour worked.

102.    SSM has a continuing policy and practice of failing to pay overtime wages for all hours worked in excess of forty (40) hours in a workweek.

103.    The straight time and overtime that SSM failed to pay Plaintiff and the Putative Class Members constitute recoverable "wages" under the Illinois Acts because SSM owes such compensation pursuant to an employment contract or agreement between the parties.

104.    As a result of SSM's illegal and company-wide policies applicable to Plaintiff Brashear and Illinois Class Members' wages, and its failure to pay the contractually agreed upon wages and overtime wages to the Illinois Class Members, SSM violated the Illinois Acts.

105.    SSM's failure to pay for all hours worked, and failure to pay overtime wages for all hours worked in excess of forty (40) in a workweek to the Illinois Class Members who performed work on behalf of SSM in Illinois is part of a continuing course of conduct.

106.    Plaintiff Brashear and Illinois Class Members who performed work on behalf of SSM in Illinois are entitled to invoke the benefits of the Illinois Acts, including but not limited to 820 ILCS § 105/12(a); 820 ILCS § 115/14; 820 ILCS § 115/11; and 815 ILCS § 205/2.

107.    As a result, this action, "may encompass all violations that occurred as part of SSM's continuing course of conduct regardless of the date on which they occurred."

108.    Plaintiff Brashear and Illinois Class Members have suffered damages and continue to suffer damages as a result of SSM' acts or omissions described herein; though SSM is in possession and control of necessary documents and information from which the Illinois Class Members would be able to precisely calculated damages.

109.     Plaintiff Brashear and Illinois Class Members seek the amount of their underpayments based on SSM's failure to pay wages for all hours worked, failure to pay overtime wages for all hours worked in excess of forty (40) hours in a workweek, treble the amount of unpaid overtime as liquidated damages, 5% of the amount of unpaid overtime and straight time for each month following the date the payments were due, and such other legal and equitable relief from SSM's willful conduct as the Court deems just and proper.

110.     Accordingly, the Illinois Acts Class should be certified as defined in Paragraph 91.

## C.     ILLINOIS CLASS ALLEGATIONS

111.     Plaintiff Brashear brings her Illinois claims pursuant to Illinois Statutes as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by SSM to work in Illinois since May 24, 2019.

112.     Class action treatment of Plaintiff Brashear and the Illinois Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

113.     The number of Illinois Class Members is so numerous that joinder of all class members is impracticable.

114.     Plaintiff Brashear is a member of the Illinois Class, her claims are typical of the claims of other Illinois Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

115.     Plaintiff Brashear and her counsel will fairly and adequately represent the Illinois Class Members and their interests.

116.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

117.     Accordingly, the Illinois Class should be certified as defined in Paragraph 91.

## VI.
## RELIEF SOUGHT

118.     Plaintiff Brashear respectfully prays for judgment against SSM as follows:

a.       For an Order certifying the FLSA Collective as defined in ¶ 60;

b.       For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.       For an Order pursuant to § 16(b) of the FLSA finding SSM liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.       For an Order certifying the Illinois Class as defined in ¶ 91, and designating Plaintiff Brashear as Representative of the Illinois Class;

e.       For an Order pursuant to the Illinois Acts awarding Plaintiff Brashear and the Illinois Class Members damages for unpaid wages, unpaid overtime, treble damages, and all other damages allowed by law;

f.       For an Order awarding the costs of this action;

g.       For an Order awarding attorneys' fees;

h.       For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i.       For an Order awarding Plaintiff Brashear a service award as permitted by law;

j.       For an Order compelling the accounting of the books and records of SSM, at SSM's expense, should discovery prove inadequate; and

k.    For an Order granting such other and further relief as may be necessary and appropriate.

Date: July 14, 2022                         Respectfully submitted,

                                            **LAW OFFICES OF KENNEDY HUNT, P.C.**

                          By:    */s/ Sarah Jane Hunt*
                                 Sarah Jane Hunt (63899MO)
                                 906 Olive Street, Suite 200
                                 St. Louis, MO 63101
                                 Phone: (314) 872-9041
                                 Fax: (314) 872-9043
                                 sarahjane@kennedyhuntlaw.com

                                 **ANDERSON ALEXANDER, PLLC**

                          By:    */s/ Clif Alexander*
                                 **Clif Alexander** *(*Admitted *Pro Hac Vice)*
                                 Texas Bar No. 24064805
                                 clif@a2xlaw.com
                                 **Austin W. Anderson** *(*Application for *Pro Hac Vice*
                                 Forthcoming*)*
                                 Texas Bar No. 24045189
                                 austin@a2xlaw.com
                                 819 N. Upper Broadway
                                 Corpus Christi, Texas 78401
                                 Telephone: (361) 452-1279
                                 Facsimile: (361) 452-1284

                                 ***Counsel for Plaintiff and Putative
                                 Collective/Class Members***

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Missouri, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                 */s/ Clif Alexander*
                                 Clif Alexander