UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAH J. BRASHEAR, Individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff(s), | ) Case No. 4:22-cv-00569-SRC ) |
| vs. | ) ) |
| SSM HEALTH CARE CORPORATION, | ) ) ) |
| Defendant(s). | ) ) |

## Memorandum and Order

Seeking allegedly unpaid wages, Plaintiff Sarah Brashear brings an action against Defendant SSM Health Care Corporation under the Fair Labor Standards Act and the Illinois Wage and Payment Collection Act ("IWPCA"). SSM moves to dismiss count 2 of Brashear's complaint for failure to state a claim under the IWPCA. According to Brashear, SSM has failed to fully compensate her and others for work that they performed under their employment agreements. In response, SSM argues that Brashear has not sufficiently pleaded the existence of an employment agreement—as to herself and each of the class members—of the sort that the IWPCA requires. The Court agrees with SSM and grants its partial motion to dismiss for the following reasons.

**I.      BACKGROUND**

Illinois law requires employers to disburse to their employees timely and complete payment of all wages earned "pursuant to an employment contract or agreement." *See* 820 Ill. Comp. Stat. 115/3 (2022); 820 Ill. Comp. Stat. 115/2 (2022). Employers who do not comply

1

with this requirement face liability under the IWPCA, which provides not-fully-paid employees with a cause of action. *See Enger v. Chi. Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016) (citing 820 Ill. Comp. Stat. 115/3).

Brashear states that SSM, an integrated health care network, employed her at an Illinois facility for over a year as an hourly employee who typically worked between 36 and 48 hours per week. Doc. 20 at ¶¶ 21, 22, 24. She and the putative class members "were various types of nurses, medical assistants, and other patient facing employees, who assisted with treatments ordered by doctors, interviewed patients, measured vital signs, recorded patient information, assessed patients, answered phones, checked on patients, assisted other medical professionals while treating patients, and answered patient questions." *Id.* at ¶ 23. She further alleges that a "written employment agreement" governed her compensation structure. In particular, that alleged agreement contains, among other things, (1) the rate of pay that SSM agreed to pay Brashear for each non-overtime hour worked and (2) the rate of pay for each hour worked in excess of 40 hours per week, which was one-and-one-half times her non-overtime rate. *Id.* at ¶¶ 25–27, 29–31.

SSM violated this agreement, Brashear claims, by automatically deducting from each shift an unpaid meal-break period of either 30 minutes or one hour—even if she worked during those periods. *Id.* at ¶ 43. As a result, Brashear allegedly worked up to three uncompensated, "off-the-clock" hours per week. *Id.* at ¶ 42. Brashear alleges that SSM's practice of deducting unpaid meal breaks violates their employment agreement, giving rise to claims under the FLSA and the IWPCA. *Id.* at ¶ 53. Alleging the existence of like agreements between SSM and similarly situated individuals currently or formerly working at SSM as "various types of nurses, medical assistants, and other patient facing employees," *id.* at ¶ 23, Brashear claims relief

individually and on behalf of these others who comprise the putative class. *Id.* at ¶¶ 1–10. SSM moves to dismiss Brashear's IWPCA claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 27.

## II.   STANDARD

Under Rule 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to give "a short and plain statement . . . showing that the pleader is entitled to relief." To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Court must make all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).

When ruling on a motion to dismiss, a court must liberally construe a complaint in favor of the plaintiff. *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 does not "unlock the doors of

discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. "A pleading that merely pleads labels and conclusions or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (internal quotations omitted). Although courts must accept all factual allegations as true, they are not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677–78.

Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 679. Therefore, the Court must determine if the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id*. This "context-specific" task requires the court to "draw on its judicial experience and common sense." *Id*. at 679, 682.

## II.    DISCUSSION

In its motion, SSM invokes Rule 12(b)(6) and argues that Brashear has not pleaded the existence of an employment agreement that would give rise to a cause of action under the IWPCA. *Id.* Brashear responds that her allegations, including those involving the alleged employment agreement, satisfy Rule 8(a)'s pleading requirements and state a claim under the IWPCA. Doc. 33. The question before the Court on SSM's motion, then, is whether Brashear has sufficiently pleaded the existence of an employment agreement that gives her a right to the wages she seeks. For the following reasons, the Court concludes that she has not.

The Illinois Wage Payment and Collection Act mandates that "[e]very employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." 820 Ill. Comp. Stat. 115/3 (2022). The statute defines "wages" as "any compensation owed an employee by an employer pursuant to an employment contract or

4

agreement between the 2 parties." 820 Ill. Comp. Stat. 115/2 (2022).  The IWPCA does not leave un- and under-compensated employees without a remedy; it "provides employees with a cause of action against employers for the timely and complete payment of earned wages." *Enger*, 812 F.3d at 568 (citing 820 Ill. Comp. Stat. 115/3).  The IWCPA, however, "does not provide an independent right of payment to wages and benefits; instead, it only enforces the terms of an existing contract or agreement." *Wharton v. Comcast Corp.*, 912 F. Supp. 2d 655, 658 (N.D. Ill. 2012).

To properly plead an IWPCA claim, then, "[plaintiffs] are required to demonstrate that they are owed compensation from defendants pursuant to an employment agreement." *Enger*, 812 F.3d at 56.  To that end, plaintiffs must plead "the existence of a contract or agreement that specifically gives [them] a right to the wages [they] seek[]." *Chagoya v. City of Chicago*, 992 F.3d 607, 625 (7th Cir. 2021) (quoting *Dominguez v. Micro Ctr. Sales Corp.*, No. 11-cv-8202, 2012 WL 1719793, at *1 (N.D. Ill. May 15, 2012)); *see also Watts v. ADDO Mgmt., LLC*, 97 N.E.3d 75, 80 (Ill. App. Ct. 2018) (A plaintiff seeking relief under the IWPCA must allege that "he had an employment agreement with the employer that required the payment of wages or final compensation.").  To plead the existence of an employment agreement, as opposed to a contract, a plaintiff must, in turn, allege facts showing "a manifestation of mutual assent on the part of" the employer and employee. *Landers-Scelfo v. Corp. Off. Sys., Inc.*, 827 N.E.2d 1051, 1059 (Ill. App. Ct. 2005) (quoting *Zabinksy v. Gelber Grp., Inc.*, 807 N.E.2d 666, 671 (Ill. App. Ct. 2004)).

Employment agreements "can be entirely implicit." *Id.* at 1058.  But "the inference that an employment agreement existed between the parties is distinct from the inference that the agreement contained any particular term." *Jaramillo v. Garda, Inc.*, No. 12 C 662, 2012 WL 1378667, at *2 (N.D. Ill. Apr. 20, 2012) (citing *Brown v. Lululemon Athletica, Inc.*, No. 10 C

5

05672, 2011 WL 741254, at *2–3 (N.D. Ill. Feb. 24, 2011)).  "[A]n employer and an employee, by acting in a manner consistent with an employment agreement, can set the material terms of the agreement, including the amount of compensation . . . ." *Landers-Scelfo*, 827 N.E.2d at 1059.

The Court addresses whether Brashear has adequately pleaded the existence of an employment agreement—express or implied—that gives her a right to the wages she seeks. Brashear alleges the existence of a "written employment agreement" that governed her compensation structure as an SSM employee.  This agreement, according to Brashear, obligated SSM to compensate her at mutually-agreed-upon rates for all for overtime and non-overtime hours that she worked, including during meal breaks.  Brashear, however, has only offered conclusory allegations, with no factual enhancement, as to the existence of a written agreement and any terms that give her and the putative class members a right to the wages they seek.

Brashear makes three primary allegations regarding the "written employment agreement."  First, "[a]s part of the written employment agreement between SSM and Plaintiff, SSM agreed to pay Plaintiff a mutually agreed upon hourly rate for each and every hour worked." Doc. 20 at ¶ 25.  Second, "[t]he agreement between Plaintiff and SSM states the rate of pay that SSM agreed to Plaintiff for each non-overtime hour worked." *Id.* at ¶ 26.  Third, "[a]s part of their employment agreement, SSM also agreed to pay Plaintiff one-and-one half times her regular rate of pay for each and every hour worked in excess of forty (40) hours in a workweek." *Id.* at ¶ 27.  Brashear then substantially restates these allegations, substituting "the Putative Class Members" for "Plaintiff." *Id.* at ¶¶ 29–31.  Brashear does not assert any other facts regarding the alleged written agreements or mutual assent to any terms.

6

Brashear's allegations regarding a written agreement's existence, threadbare on supporting facts, verge on the conclusory.  Doc. 20 at ¶ 25  The Court, however, need not decide whether she has alleged the existence of a written employment agreement because employment agreements under the IWPCA need not be written.  *See LQD Bus. Fin., LLC v. Fundkite, LLC*, No. 19-c-4416, 2020 WL 635906, at *7 (N.D. Ill. Feb. 11, 2020) (citing *Schultze v. ABN AMRO, Inc.*, 83 N.E.3d 1053, 1059 (Ill. App. Ct. 2017)).  The question becomes whether any employment agreement—express or implied, written or unwritten—the existence of which the Court could reasonably infer, contains terms that give rise to a right to wages for work performed during unpaid meal breaks.

The Court assumes without deciding that Brashear has alleged the existence of an employment agreement as to herself and the putative class members.  She alleges her and the putative class members' job duties, she alleges that SSM paid wages to her and the putative class members, and she alleges how many hours she and the putative class members tended to work each week.  Doc. 20 at ¶¶ 23–31, 41; *see Roberts v. One Off Hosp. Grp., Ltd.*, No. 21 C 5868, 2022 WL 2463049 (N.D. Ill. July 6, 2022) (finding the existence of an employment agreement when plaintiff alleged, inter alia, her job duties, her hourly wage, and how many hours she worked weekly).  But even assuming the existence of an employment agreement, Brashear has not adequately alleged any terms giving her a right to relief under the IWPCA.  *See Jaramillo*, 2012 WL 1378667, at *2 ("[T]he inference that an employment agreement existed between the parties is distinct from the inference that the agreement contained any particular term.").

To survive a motion to dismiss, Brashear's allegations would have to allow the Court to reasonably infer that that she and SSM mutually agreed that SSM would compensate her for any work that she performed during the otherwise unpaid meal-break periods that SSM deducts from

7

each shift.  *See Brown*, 2011 WL 741254, at *3.  Brashear's conclusory allegations that "SSM agreed to pay Plaintiff a mutually agreed upon hourly rate for each and every hour worked," whether overtime or non-overtime, does not suffice.  Doc. 20 at ¶¶ 25–27; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  She does not allege any facts regarding the parties' "manifestation" of mutual assent to this term, *see Landers-Scelfo*, 827 N.E.2d at 1059, or any facts otherwise supporting the inference that the parties mutually agreed to it.  And without this term, Brashear and the putative class members do not have a plausible claim for relief, even assuming an employment agreement otherwise exists.  *See Brown*, 2011 WL 741254, at *3 ("It is well established that an employee can have no claim under the IWPCA unless the employer and employee agreed that the former would compensate the latter for the *particular* work allegedly performed." (emphasis added) (collecting cases)).  The Court cannot reasonably infer that SSM agreed to pay Brashear for the "particular" work she alleges—i.e., work during employer-designated meal breaks—because no well-pleaded facts support such an inference.

If anything, the allegations suggest the opposite:  that Brashear and the putative class members *assented* to SSM's practice of deducting meal breaks from each shift, regardless of any work that they performed during those periods, through their continued employment and lack of protest.  As noted, "an employer and an employee, by acting in a manner consistent with an employment agreement, can set the material terms of the agreement . . . ."  *Landers-Scelfo*, 827 N.E.2d at 1059.  Brashear alleges that SSM deducts unpaid meal-break periods from each shift, regardless of any work that they might perform during those periods, in violation of an employment agreement.  Doc. 20 at ¶¶ 5, 25–27, 29–31.  Notably, Brashear alleges that SSM employed her from March 2020 to August 2021.  *Id.* at ¶ 35.  Brashear filed this case over two years after she began working for SSM—and she does not allege that she ever protested,

challenged, or disagreed with SSM's practice in any way during her employment. Thus, the Court could reasonably infer that Brashear and the putative class members assented to SSM's practice, which thereby would have become part of any employment agreement. *See Landers-Scelfo*, 827 N.E.2d at 1059. To be clear, the Court does not make a *finding* of assent but notes that Brashear's allegations suggest the opposite inference of the one the Court would have to draw to find for Brashear on this claim.

Brashear fails to state an IWPCA claim. Even assuming the existence of an employment agreement, the Court cannot reasonably infer the existence of terms that would give Brashear a right to the wages she seeks. According to the complaint, SSM and Brashear carried on under the alleged payment practice for nearly a year and a half (longer for some of the putative class members) without disagreement or dissent, but Brashear now argues that the practice violated an employment agreement the relevant terms of which she has not plausibly alleged. Because any plausibly alleged employment agreement does not "specifically give[] [her] a right to the wages [she] seek[s]," *Chagoya*, 992 F.3d at 625 (quoting *Dominguez*, 2012 WL 1719793, at *1), the Court dismisses count 2 of Brashear's complaint.

## III.  CONCLUSION

Accordingly, the Court grants Defendant SSM Health Care Corporation's [27] Partial Motion to Dismiss.

So Ordered this 29th day of December 2022.

*[signature: SLR. CR]*

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

9