# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| **SARAH J. BRASHEAR,**<br>**Individually and on behalf of all others**<br>**similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SSM HEALTH CARE**<br>**CORPORATION,**<br><br>**Defendant.** | **Case No. 4:22-CV-00569-SRC**<br><br><br>**JURY TRIAL DEMANDED**<br><br><br>**COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION**<br>**PURSUANT TO FED. R. CIV. P. 23** |

## JOINT ADVISORY REGARDING PROPOSED NOTICE

Plaintiff Sarah J. Brashear, individually and on behalf of all others similarly situated ("Plaintiff and the Putative Collective Members") and Defendant SSM Health Care Corporation ("SSM") file this Joint Advisory regarding the Proposed Notice. The Parties have agreed to the form of the Proposed Notice[1] but for one section, and have further agreed on the notice protocol to be followed for the dissemination of the notice.

### A.    Conferral History

On July 6, 2023, Carter T. Hastings for Plaintiffs and Corissa Pennow and Patrick Hulla for Defendant had a telephone conference during which they discussed the form and content of the proposed notice and notice protocol. The initial conference lasted approximately thirty minutes. On July 11, 2023, Plaintiff subsequently provided a revised notice (in word format) that incorporated changes discussed during the conference with commentary that highlighted

---

[1] The Proposed Notice is attached as Exhibit A. Section 7 ("Your Legal Representation if You Join") is not agreed, and each party has included their respective language with brief argument below.

areas of continued disagreement.  On July 13, 2023, SSM provided its redlined edits to the proposed notice and the Parties scheduled a time to further confer regarding the outstanding areas of disagreement. The Parties engaged in significant back-and-forth email communications in advance of their second telephonic meeting. During that email correspondence, the Parties agreed to request a stay of this action for the purpose of engaging in informal discovery and working toward potential resolution. The Parties filed (and this Court granted) a joint motion to stay the case for a 90-day period.

The Parties were not able to reach an agreement before the expiration of the stay. Brashear again circulated the latest version of the draft Proposed Notice in word, and SSM again provided a redlined version showing its proposed changes. The Parties again conferred via telephone on October 23, 2023—Carter Hastings and Lauren Braddy participated on behalf of Brashear and Corissa Pennow, Jim Martin, and Brodie Herrman participated on behalf of SSM. This conference lasted approximately twenty minutes. During the conference the Parties reached an agreement as to the form of the Proposed Notice except for Section 7, pertaining to the collective member's legal representation upon joining. The Parties agreed the Proposed Notice will be disseminated by First Class Mail and email, with no reminder notice.

**B.      Section 7—Your Legal Representation If You Join**

**1.      Plaintiff's Proposed Language and Supporting Authority**

Proposed Language

| **7.      Your Legal Representation If You Join.** |
| --- |

If you choose to join this suit you will be represented by Plaintiff's attorneys, but you are free to file your own lawsuit against SSM, either yourself (pro se) or represented by an attorney of your choosing.

If you complete and submit the enclosed Consent Form, you will be represented

by the law firms of ANDERSON ALEXANDER, PLLC and the LAW OFFICES OF KENNEDY HUNT, P.C. Their contact information is listed below.

Plaintiff's attorneys are advancing the expenses of the litigation. They are representing the Plaintiff on a contingency fee basis. No hourly employee, represented by Plaintiff's attorneys, who opts-in to the lawsuit will owe any attorneys' fees unless the Plaintiff wins the Lawsuit.

Plaintiff and her attorneys have agreed to a total attorney fee of forty percent (40%) of the unpaid wages and overtime pay that hourly employees are entitled to as a result of the lawsuit. This percentage will be reduced by any award of attorneys' fees received from the Court.

**No fees or costs will be owed if no back wages or overtime is received.**

Authority

The above language is regularly approved by district courts in the Eighth Circuit. It accurately advises the Putative Collective Members that they have the right to obtain their own counsel (or appear *pro se*) while still maintaining the ability for the parties and the courts to effectively and efficiently manage the collective action. Allowing individuals to opt-in to *this* collective action as party plaintiffs without representation or through different counsel would unnecessarily frustrate the benefits the parties and the courts obtain by proceeding collectively—it would make scheduling and participating in discovery difficult and would make collective settlement all but impossible. Recognizing these inherent difficulties, courts in this district (and other district courts in the Eighth Circuit) often dictate that individuals who want to choose their own counsel file a separate lawsuit. *Burkeen v. New Madrid Cnty. Ambulance Dist.*, No. 1:12-CV-154 SNLJ, 2013 WL 880079, at *3 (E.D. Mo. Mar. 8, 2013) (recognizing that allowing opt-in plaintiffs to select their own counsel would "invite unnecessary complexity" and recognizing that "if a putative class member intends to join this existing lawsuit and signs the consent, then he or she agrees to become part of the class and be represented by class counsel. Otherwise, the individual can choose to pursue a separate action against defendant or simply not participate at all."); *Bilskey v. Bluff City Ice, Inc.*, No. 1:13-CV-62 SNLJ, 2014 WL 320568, at *4 (E.D. Mo. Jan. 29, 2014) (recognizing that allowing opt-in plaintiffs to select their own representation is not

the practice of the court) (citing *Burkeen v. New Madrid Cnty. Ambulance Dist.*, 1:12–CV–154 SNLJ, 2013 WL 880079, *3 (E.D.Mo. Mar. 8, 2013) (same)).

> The Court agrees with the approach taken in *Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 500 (D.Neb.2009). "In the interest of ease of case management and progression," that court held that "any individual plaintiffs seeking FLSA recovery under the core of operative facts at issue in this litigation, but through the representation of different counsel, can file a separate lawsuit." *Id.* Those plaintiffs who opted-in to the pending lawsuit were "bound by the outcome of the case, and the representations and conduct of the counsel identified in the notice." *Id. See also Burkeen*, 2013 WL 880079, *3 (overruling defendant's objection that proposed notice in FLSA case should state that plaintiffs were free to select their own counsel and were not required to accept the current plaintiffs's counsel).

*Volz v. Provider Plus, Inc.*, No. 4:15CV0256 TCM, 2015 WL 4255614, at *2 (E.D. Mo. July 14, 2015). As long as "the notice sufficiently informs potential opt-in plaintiffs they do not have to join the class or use [plaintiff's counsel] as legal representation[,]" the notice is appropriate. *King v. Rockline Indus., Inc.*, No. 2:20-CV-02188, 2021 WL 5991895, at *3 (W.D. Ark. Apr. 7, 2021)(overruling the defendant's objection that the notice needs to state that opt-in plaintiffs may obtain their own representation in the pending action).

## 2. Defendant's Proposed Language and Supporting Authority

<u>Proposed Language</u>:

> If you choose to join this suit you may be represented by Plaintiff's attorneys. Alternatively, you may choose to proceed without counsel or choose your own legal counsel to represent you in this action.

> If you complete and submit the enclosed Consent Form, you will be represented by the law firms of Anderson Alexander, PLLC and the Law Offices of Kennedy Hunt, P.C. Their contact information is listed below.

> Plaintiff's attorneys are advancing the expenses of the litigation. However, if the matter settles, or SSM prevails in this action, you may also be required to pay your share of any costs incurred in pursuing this lawsuit. Plaintiff's attorneys are being paid on a contingency fee basis, which means, if there is no recovery, there will be no attorney's fees owed by you. If there is a recovery, Plaintiff's attorneys will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. No hourly employee, represented

by Plaintiff's attorneys, who opts-in to the lawsuit will owe any attorneys' fees unless the Plaintiff wins the Lawsuit. Plaintiff and her attorneys have agreed to a total attorney fee of forty percent (40%) of the unpaid wages and overtime pay that hourly employees are entitled to as a result of the lawsuit. This percentage will be reduced by any award of attorneys' fees received from the Court.

Authority:

The law on this issue is quite clear – a putative plaintiff can retain separate counsel and still seek recovery on the claims brought in this action or even represent themselves. Thus, the notice should expressly provide that any putative plaintiff can select their own counsel or proceed *pro se*. Courts nationwide (including in the Eighth Circuit) routinely require such clarifying language to be added to notice and consent forms. *See, e.g. Halsey v. Casino One Corp.*, No. 4:12CV1602 CDP, 2012 WL 6200531, at *5 (E.D. Mo. Dec. 12, 2012) (authorizing (over objection) language in a notice that "you can join the lawsuit by representing yourself or by counsel of your own choosing" because potential plaintiffs "do have a right to retain their own counsel."); *Cruz v. Lawson Software, Inc.*, No. CV 08-5900 (MJD/JSM), 2009 WL 10711635, at *12 (D. Minn. Mar. 31, 2009) (suggesting language in a notice should inform a party they are free to take an action on their own if they do not join the collective action at issue); *Frazier v. PJ Iowa, L.C.*, 337 F. Supp. 3d 848, 875 (S.D. Iowa 2018) (requiring a notice to inform recipients they "are free to hire an attorney of your choosing."); *Bath v. Red Vision Sys.*, No. 2:13–02366, 2014 WL 2436100, *7 (D.N.J. May 29, 2014) ("[T]he notice should specify that opt-in plaintiffs are free to be represented by counsel of their own choosing); *Dilonez v. Fox Linen Serv., Inc.*, 35 F. Supp. 3d 247, 255 (E.D. N.Y. 2014) ("Language stating that opt-in plaintiffs have the freedom to choose their own counsel is an appropriate provision of any proposed notice.") (internal punctuation and citation omitted); *Newton v. Schwarzenegger*, No. C

09–5887 VRW, 2010 WL 2280532, *5 (N.D. Cal. June 7, 2010); *Tarafella v. Hollywood Greyhound Track, Inc.*, No. 07- 60017-CIV, 2007 WL 2254553, *4 (S.D. Fla. Aug. 1, 2007) (citing 67 A.L.R. Fed. 282, 2b); *Johnson v. American Airlines, Inc.*, 531 F. Supp. 957 (D. Tex. 1982); *Hamilton v. NuWest Group Holdings, LLC*, C22-1117RSM, 2023 WL 3582939, at *3 (W.D. Wash. May 22, 2023) ("The Court also agrees with NuWest that the notice should expressly provide that any putative plaintiff is free to select his or her own counsel, or to proceed pro se"); *Hubbard v. Jerry's Seamless Guttering, Inc.*, 19-CIV-81705-RAR, 2020 WL 6038110, at *3 (S.D. Fla. Oct. 6, 2020) (citing *Garcia v. J&J, Inc.*, No. 19-CV-60728, 2019 WL 3457613, at *4 (S.D. Fla. July 31, 2019)).

Date: October 23, 2023                    Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:     /s/ *Clif Alexander*
        **Clif Alexander** (Admitted *Pro Hac Vice*)
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Carter T. Hastings** (Admitted *Pro Hac Vice*)
        Texas Bar No. 24101879
        carter@a2xlaw.com
        101 N. Shoreline Blvd., Suite 610
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

**LAW OFFICES OF KENNEDY HUNT, P.C.**

By:     /s/ *Sarah Jane Hunt*
        Sarah Jane Hunt (63899MO)
        906 Olive Street, Suite 200
        St. Louis, MO 63101
        Phone: (314) 872-9041
        Fax: (314) 872-9043
        sarahjane@kennedyhuntlaw.com

        ***Counsel for Plaintiff and Putative***
        ***Collective/Class Members***

**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**

By:     /s/ *Patrick F. Hulla*
        **Patrick F. Hulla**
        Patrick F. Hulla        #41745(MO)
        4520 Main Street, Suite 400
        Kansas City, MO 64111
        816.471.1301
        816.471.1303 (*Facsimile*)
        patrick.hulla@ogletree.com

**Dowd Bennett LLP**

/s/ *James G. Martin*

**James G. Martin     #33586(MO)**
7733 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
314.889.7300
314.863.2111 (*Facsimile*)
jmartin@dowdbennett.com

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Missouri, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Clif Alexander*
Clif Alexander