UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SARAH J. BRASHEAR,
Individually and on behalf of all others
similarly situated,

        Plaintiff,

  v.

SSM HEALTH CARE CORPORATION,

        Defendant.

Case No. 4:22-CV-00569-SRC

**FILING IN THE PUBLIC RECORD OF REDACTED COPY OF SEALED DOCUMENT (WITHIN THREE DAYS OF FILING MOTION FOR PARTIAL SEALING)**

1. On 01/05/24, the undersigned filed an Unsealed Motion for Partial Sealing and a Sealed Memorandum in Support.

2. Less than three business days have passed since that filing.

3. As required by Eastern District of Missouri Local Rule 13.05A(4)(c)(i), the attached redacted copy of the sealed document is filed for docketing in the public record.

Respectfully submitted this 5th day of January 2024.

/s/ Patrick F. Hulla

| | |
|---|---|
| Patrick F. Hulla    #41745(MO) | James G. Martin    #33586(MO) |
| OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. | DOWD BENNETT LLP |
| 700 West 47th Street, Suite 500 | 7676 Forsyth Blvd., Suite 1900 |
| Kansas City, MO 64112 | St. Louis, MO 63105 |
| 816.471.1301 | 314.889.7300 |
| 816.471.1303 (*Facsimile*) | 314.863.2111 (*Facsimile*) |
| patrick.hulla@ogletree.com | jmartin@dowdbennett.com |

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The Signature above is also certification that a true and correct copy of the above and foregoing document has been filed this 5th day of January 2024, with the Clerk of the Court to be served by operation of the Court's electronic filing system to the following:

| | |
|---|---|
| Sarah Jane Hunt<br>LAW OFFICES OF KENNEDY HUNT PC<br>4500 West Pine Blvd.,<br>St. Louis, MO 63108<br>314.872.9041<br>314.872.9043 (*Facsimile*)<br>sarahjane@kennedyhuntlaw.com | Clif Alexander (*Admitted Pro Hac Vice*)<br>Austin W. Anderson (*Admitted Pro Hac Vice*)<br>Carter Tilden Hastings (*Admitted Pro Hac Vice*)<br>ANDERSON ALEXANDER, PLLC<br>819 N. Upper Broadway,<br>Corpus Christi, TX 78401<br>361.452.1279<br>361.452.1284 (*Facsimile*)<br>clif@a2xlaw.com<br>austin@a2xlaw.com<br>carter@a2xlaw.com |

**ATTORNEYS FOR PLAINTIFF**

/s/ Patrick F. Hulla
**ATTORNEY FOR DEFENDANT**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SARAH J. BRASHEAR,
Individually and on behalf of all others
similarly situated,

        Plaintiff,

v.

SSM HEALTH CARE CORPORATION,

        Defendant.

Case No. 4:22-CV-00569-SRC

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT, along with all of its exhibits (collectively, the "Agreement" or "Settlement"), resolves the matter captioned *Sarah J. Brashear, et al. v. SSM Health Care Corporation*, No. 4:22-CV-00569-SRC, in the United States District Court for the Eastern District of Missouri ("the Lawsuit") and is entered into between the Plaintiff Sarah J. Brashear ("Named Plaintiff") and all opt-in Plaintiffs who have neither been dismissed, nor have withdrawn their consents to join this case ("Plaintiffs") on the one hand, as well as SSM Health Care Corporation ("Defendant") on the other hand. Collectively, Plaintiffs and Defendant shall be referred to as "Parties."

## FACTUAL BACKGROUND AND RECITALS

1. On May 24, 2022, Plaintiffs filed the Lawsuit in the United States District Court for the Eastern District of Missouri, Eastern Division. (Doc. 1).

2. On September 30, 2022, Plaintiffs filed their Opposed Motion for Conditional Certification and Notice to Putative Class Members. (Doc. 53). On October 21, 2022, Defendant filed its opposition to that motion. (Doc. 58).

3. On June 29, 2023, the Court entered its Memorandum and Order (Doc. 67), granting Plaintiffs' Motion for Conditional Certification and Notice to Putative Class Members.

4. On July 13, 2023, the Parties submitted a Joint Motion to Stay Case to explore resolution. (Doc. 68). On July 19, 2023, The Court granted that request. (Doc. 69).

5. On October 9, 2023, the Parties filed a Second Joint Motion to Stay Case to further explore resolution. (Doc. 72). On October 23, 2023, the Parties submitted a Joint Advisory Regarding Proposed Notice. (Doc. 74).

6. On October 25, 2023, the Parties attended a status conference before the Court; at the conference, the Court denied the Second Joint Motion to Stay Case. (Doc. 76). The Parties settled this matter soon thereafter.

7. Plaintiffs and their counsel have conducted a comprehensive investigation and evaluation of the facts, including the review of pay and time records and law regarding the claims asserted in the Lawsuit. In light of the costs, risks, and delay of continued litigation, balanced against the benefits of settlement to Plaintiffs, their counsel believe settlement, as provided in this Agreement, is in the best interests of Plaintiffs and represents a fair, reasonable, and adequate resolution of the claims in the Lawsuit.

8. Defendant denies, and continues denying, all of Plaintiffs' allegations in the Lawsuit. Nonetheless, without admitting or conceding, any liability or responsibility for damages, to avoid the burden, expense, and uncertainty of continuing litigation, Defendant has agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement.

## TERMS OF THE AGREEMENT

In consideration of the mutual promises in this Agreement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged by the Parties, the Parties agree as follows:

1. **Definitions Used in this Agreement:**

    A. **"Administrative Costs"** means a reasonable amount to be paid to a third-party settlement administrator for all costs in connection with consummating the terms of this Agreement, as set forth in Paragraph 5 of this Agreement.

    B. **"Approval"** means the date the Court enters an Order approving this Agreement and/or dismisses the Lawsuit. Approval of this Agreement shall be deemed final and immediately effective upon the Court's entry of an Order approving this Settlement and/or dismissal of the Lawsuit ("Effective Date"). A proposed approval order (if necessary) is attached to this Agreement as Exhibit 1.

    C. **"Attorneys' Fees and Costs"** means the amount paid to Plaintiffs' Counsel from the Gross Settlement Fund under Paragraph 2(B) of this Agreement.

    D. **"Collective Period"** is the three-year period preceding the date each Plaintiff filed a consent to join the Lawsuit.

    E. **"Plaintiffs' Counsel"** means Anderson Alexander, PLLC and Law Offices of Kennedy Hunt PC.

    F. **"Effective Date"** means the date the Court enters an Order approving this Settlement or the date the Lawsuit is dismissed with prejudice, whichever date is sooner.

    G. **"Gross Settlement Fund"** means the amount of [Redacted] This is the total maximum amount to be paid. This Gross Settlement Fund includes, without limitation, all

3

payments to Plaintiffs, Plaintiffs' Counsel's attorneys' fees and costs, the Named Plaintiff's Service Award, and the Administrative Costs. Defendant will be responsible for the employer's share of payroll taxes owed with respect to amounts paid to Plaintiffs as wages.

  H. **"Named Plaintiff"** means Sarah J. Brashear.

  I. **"Net Settlement Fund"** means the Gross Settlement Fund, less Administrative Costs, as well as Attorneys' Fees and Costs, and the Service Award to the Named Plaintiff.

  J. **"Released Claims"** means all claims, rights, demands, liabilities, and causes of action that are alleged, or reasonably could have been alleged, based on the facts and claims asserted in the Lawsuit, including claims under the Fair Labor Standards Act ("FLSA"), as well as any other claims for allegedly unpaid wages and related damages and penalties, all claims for costs, attorneys' fees and/or interest, all claims for liquidated or punitive damages, or any other benefits against the Released Parties, whether based in statute, common law, contract, or otherwise.

  K. **"Released Parties"** means Defendant, and its past, present, and/or future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint venturers.

  L. **"Spreadsheet"** means the electronic spreadsheet, which includes the name, social security number, state of employment, last known address, and number of workweeks worked for Defendant during the relevant limitations period through the date of Approval and/or dismissal, and the rate of pay for each Plaintiff at the time each Plaintiff joined the Lawsuit.

4

M. **"Service Award"** means the requested amount of [Redacted] payable to Named Plaintiff for her initial efforts to bring this lawsuit and her assistance in obtaining this Agreement. Any Service Award is subject to Court approval and will be deducted from the Gross Settlement Fund

2. **Settlement Fund and Allocation.**

   A. <u>Allocation of the Net Settlement Fund</u>. The "Individual Plaintiff Share" for each Plaintiff will be calculated by the Settlement Administrator for each Plaintiff, as his or her pro rata share of the Net Settlement Fund, as follows: (a) the Net Settlement Fund will be divided by the total number of workweeks worked by all Plaintiffs during the Collective Period through the Effective Date of this Agreement, and then (b) multiplied by the number of workweeks each individual Plaintiff worked for Defendant during the Collective Period. A "workweek" is defined as a normal seven-day week of work during the Collective Period in which, according to Defendant's records, a Plaintiff worked at least one day during any such workweek. All payments made under this Agreement shall not be considered wages for purposes of calculating or recalculating benefits provided by or to Released Parties' employees and their beneficiaries under the terms of conditions of any benefit plan maintained by Released Parties for the benefit of their employees and their beneficiaries.

   B. <u>Attorneys' Fees and Costs</u>. Subject to Court Approval, Plaintiffs' Counsel will request, as attorneys' fees and costs, an amount not to exceed [Redacted] Defendant will not oppose (or have any responsibility for) Plaintiffs' request for attorney fees, or expenses. If the Court denies or reduces Plaintiffs' request for attorneys' fees and costs, any such denial or reduction will not invalidate this Agreement. Any amounts allocated as attorneys' fees and costs under this Agreement but not approved by the Court shall be added to the Net Settlement Fund to be proportionally distributed to Plaintiffs.

5

3.  **Release**. In accordance with the terms of this Agreement, the Plaintiffs (collectively, the "Releasing Parties") shall be deemed to have irrevocably and unconditionally released and discharged the Released Parties with respect to the Released Claims when the Approval becomes final by way of Court Order. This release is intended to, and shall, be effective as a release of, and a bar to, all Released Claims, including claims the Releasing Parties know about or suspect, as well as those that the Releasing Parties do not know about or do not suspect. The Releasing Parties shall be deemed to understand the significance of this release of unknown and unsuspected claims, and their waiver of statutory protection against a release of unknown and/or unsuspected claims. The Releasing Parties expressly waive all rights afforded by any statute, which limits the effect of a release with respect to unknown or unsuspected claims.

In connection with the foregoing, the Releasing Parties shall be deemed to acknowledge, agree, represent, and warrant to the Released Parties, and each of them, that at all times relevant to their employment with any of the Released Parties, there is, and has at all times been, a genuine, reasonable and good faith dispute between the Releasing Parties and the Released Parties with respect to whether the Releasing Parties have been fully and properly paid for all time worked in accordance with federal, state, and local laws through, and including, the date of Approval.

4.  **Approval of Settlement/Dismissal of the Lawsuit.**

    A.  <u>Court Approval of Settlement/Dismissal</u>. Within five (5) business days of the execution of this Agreement, Plaintiffs will submit a joint motion seeking the Court's permission to file a joint motion seeking Approval of this Agreement and dismissal of the Lawsuit under seal or to directly submit to the Court this Agreement *in camera* so it is not publicly filed. If the Court grants the request, within five (5) business days of the Court's order, Plaintiffs will submit a joint motion requesting Court approval and dismissal of the Lawsuit in the manner

approved by the Court. If the Court denies the motion, within five (5) days of the Court's order, Plaintiffs will publicly file a joint motion requesting Court Approval and dismissal of the Lawsuit *via* ECF. Notwithstanding the foregoing, the Agreement may be publicly filed, if necessary, to obtain Court Approval of this Agreement, or if otherwise required by process of law, but in which case the Parties agree to use their best efforts to preserve confidentiality in accordance with Paragraphs 9 and 10 of this Agreement. If the Court does not enter an Order with its Approval and dismissal of the Lawsuit, or decides to do so only with material modifications to the terms of this Agreement (including, without limitation, as to the Net Settlement Fund Allocation set forth in Section 2.A, above), this Agreement shall become null and void, unless the Parties agree, in writing, to modify this Agreement, and the Court approves any modified agreement. Notwithstanding the foregoing, if the Court grants Approval, but determines there should be a reallocation of the Net Settlement Fund, and/or a reduction of the amount paid to Plaintiffs' Counsel, the Agreement as so modified and approved by the Court, shall remain fully binding on the Parties. The Parties agree to waive all appeals regarding any Order with the Court's Approval and dismissal of the Lawsuit.

5. **Settlement Administration and Payments.**

    A. <u>Settlement Administrator</u>. The settlement under this Agreement will be administered by a third-party administrator, ILYM (the "Settlement Administrator").

    B. <u>Calculation of Payment Amounts for Each Plaintiff</u>.

    (i) Within ten (10) business days of the Effective Date, Defendant will provide the Spreadsheet to Plaintiffs' Counsel and the Settlement Administrator. Plaintiffs' Counsel and the Settlement Administrator will keep the Spreadsheet and its contents confidential. The Parties shall provide the Settlement Administrator with all necessary cooperation, including,

7

but not limited to, the execution of all documents necessary to administer this Agreement. Defendant will provide any other information to the Settlement Administrator necessary to enable it to perform the "Individual Plaintiff Share" calculations described in Paragraph 2(A), and to obtain current Plaintiff contact information.

    (ii) Within ten (10) business days of receipt of the Spreadsheet, and any other information identified in the previous subparagraph, the Settlement Administrator shall calculate the "Individual Plaintiff Share" pursuant to the formulas provided in Paragraph 2(A) of this Agreement.

   C. <u>Funding the Settlement and Delivery to Settlement Administrator</u>. If the Court approves this Agreement, the Settlement Administrator will, within five (5) business days after the Court approves this Agreement, establish a "Qualified Settlement Fund" ("QSF") as described in the Internal Revenue Code of 1986, as amended. Defendant will pay the Gross Settlement Amount to the QSF within fifteen business (15) days after the Settlement Administrator establishes the QSF and provides Defendant the QSF transfer information. The Settlement Administrator shall serve as trustee of the QSF, and shall, at all times, act as the fiduciary with respect to handling, managing, and distributing funds from the QSF, including the handling of tax-related issues and payments.

   D. <u>Funding and Delivery to Plaintiffs' Counsel</u>. Within five (5) business days after Defendant funds the QSF, the Settlement Administrator will make payment of attorneys' fees and costs, for all Plaintiffs' Counsel, by EFT to Anderson Alexander, PLLC. in the amounts approved by the Court. The Settlement Administrator will issue a form 1099 to Anderson Alexander, PLLC representing these payments. The payments to Plaintiffs' Counsel are contingent

on the Settlement Administrator's receipt of wiring instructions and a current form W-9 from Anderson Alexander, PLLC.

   E. <u>Funding and Delivery of Service Award to Named Plaintiff.</u> Within five (5) business days after Defendant funds the QSF, the Settlement Administrator will make payment of [Redacted] to Named Plaintiff via EFT or check, as elected by Named Plaintiff. If the Court does not approve a service award of [Redacted] then the Settlement Administrator will deliver the amount approved by the Court, if any. The Settlement Administrator will issue a form 1099 to Named Plaintiff representing this payment. This payment to Named Plaintiff is contingent on the Settlement Administrator's receipt of wiring instructions (if EFT is selected) and a current form W-9 from Named Plaintiff.

   F. <u>Distribution of Settlement Payments</u>. Within 30 calendar days after the Court approves this Agreement, the Settlement Administrator shall be responsible for initiating Notice and Settlement Checks, W-2s, and W-9s by regular U.S. Mail to Plaintiffs. The settlement checks shall be calculated in accordance with the formula in Paragraph 2(A) of this Agreement, as well as the allocations set forth in Paragraph 6 of this Agreement. The Settlement Administrator shall issue notice, in a form similar to the attached Exhibit B, and payments under this Agreement to Plaintiffs. The Parties agree, in good faith, to resolve any disputes about the notice before it is sent. If required by the Settlement Administrator, the payments to Plaintiffs are contingent on the Settlement Administrator's receipt of a current form W-9 from each Plaintiff.

   G. <u>Undeliverable Settlement Materials</u>. If materials sent to a Plaintiff are returned as undeliverable, the Settlement Administrator shall promptly undertake reasonable steps to determine the Plaintiff's current address and, if an additional address is located, to send the materials to the updated address. The Settlement Administrator shall also advise Plaintiffs'

9

Counsel that the materials were returned as undeliverable and Plaintiffs' Counsel will make their best efforts to identify that Plaintiff's current address and provide it to the Settlement Administrator.

      H.     <u>Unclaimed Monies</u>. Plaintiffs shall have 60 calendar days from the date on which the Settlement Administrator mails the settlement payments in which to negotiate their respective settlement check(s). The amounts reflected in any settlement check that are not negotiated shall belong to Defendant, as will the amount of any over-estimated employment taxes collected by the Settlement Administrator from Defendant. Sixty days after issuance, settlement checks will not be valid or negotiable.

      I.     <u>Conclusion of the Settlement Administration Process</u>. After ninety (90) calendar days have passed from the issuance of settlement payments (the "Conclusion of the Settlement Administration Process"), the Settlement Administrator shall provide to Defendant's Counsel, with a copy to Plaintiffs' Counsel, proof for each Plaintiff who cashed settlement checks. At the Conclusion of the Settlement Administration Process, the Settlement Administrator shall also provide the Parties a register listing all Plaintiffs and the amounts paid to each of them. This register shall also indicate which Plaintiffs have not negotiated settlement checks.

      6.     **Tax Treatment of Payments**. For individual settlement allocations as set forth in Paragraph 2(A) above, fifty percent (50%) of the amount(s) paid to each Plaintiff under this Agreement shall be paid, and reported by the Settlement Administrator, as wages to the appropriate taxing authorities on a Form W-2 issued to him or her with his or her taxpayer identification number, and shall be subject to deductions for applicable taxes and withholdings as required by federal, state, and local law. The remaining fifty percent (50%) of the amount(s) paid to each Plaintiff will be allocated to liquidated damages, interest, and/or penalties and reported by the

Settlement Administrator as non-wage income to the appropriate taxing authorities on a Form 1099. The Settlement Administrator will be responsible for issuing the appropriate W-2 and 1099 forms, and its fees and expenses in doing so shall be considered "Administrative Costs" under paragraph 1(A) of this Agreement.

7. **Court Retains Jurisdiction to Enforce Agreement**. To the extent permitted by law, the Court shall retain jurisdiction, and the Parties submit to the Court's jurisdiction, with respect to the implementation, and enforcement, of the terms of this Agreement. Any action to enforce this Agreement shall be commenced and maintained only in the United States District Court for the Eastern District of Missouri.

8. **Cooperation Clause**. The Parties agree to cooperate, in good faith, to effectuate this Agreement, including securing the Court's approval of this Agreement and dismissal of the Lawsuit, assisting with the administration of this Agreement according to its terms, and obtaining a final judgment.

9. **No Statements to the Media; Confidentiality**. Plaintiffs, Plaintiffs' Counsel, Defendant, and Defendant's Counsel shall not, directly or indirectly, on their own, or through a third party, make any statement, publish any statement, or issue any communication, written or otherwise to, or in, the media, including, but not limited to, print, television, radio and via the internet, referring to the Lawsuit or the claims made by Plaintiffs in the Lawsuit, nor shall they disclose or communicate the Settlement Payment (including the individual allocations thereof) or other terms of this Agreement. This provision does not preclude the Parties, as appropriate and necessary, from filing or providing this Agreement with the Court to obtain Court Approval. Except as provided by law, Plaintiffs further agree not to disclose or communicate any term of this Agreement to anyone other than (a) their counsel; (b) their accountants or tax preparers; and

(c) their spouse (if any). Except as specifically permitted by the previous sentence, if Plaintiffs and/or Plaintiffs' Counsel receive any questions or inquiries about the Lawsuit, they will only state "the Parties resolved the matter among themselves" and say nothing more. Defendant may communicate the terms of this Agreement in the ordinary course of business to satisfy reporting obligations, to inform management, or to advise clients or prospective business affiliates.

10.   **Future Inquiries**. If Plaintiffs' Counsel receive inquiries from any current or former employee of Defendant or a Released Party, Plaintiffs' Counsel shall notify Defendant's Counsel of any such claims before instituting any legal proceeding. To the extent consistent with Plaintiffs' Counsel's legal and ethical obligations, Plaintiffs' Counsel and any actual or prospective client(s) will attempt to informally resolve any disputes individually with Defendant before any legal proceeding is commenced.

11.   **Severability**. If any clause, sentence, provision, paragraph, or part of this Agreement is adjudged by any court of competent jurisdiction or determined by any other competent governmental authority having jurisdiction to be illegal, invalid, or unenforceable, such judgment or ruling shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

12.   **No Waiver**. The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions. Moreover, it shall not be a waiver of such Party's right thereafter to enforce each and every term and condition of this Agreement.

13.   **Indemnification**. Plaintiffs agree Defendant has not made any representations about the taxability of any payments made under this Agreement. Plaintiffs agree and warrant they

have been, and remain, solely responsible for timely payment of all taxes owed by each of them, if any, which have been due, or which may become due, to any governmental authority from receipt of any payments received from Defendant under this Agreement.

14. **Authority.** Named Plaintiff represents and warrants she has full authority and power to make the releases and representations, and otherwise enter into this Agreement, on behalf of all Plaintiffs.

15. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original copy of this Agreement, and all of which, when taken together, will be deemed to constitute one and the same agreement. The exchange of copies of this Agreement and of signature pages by facsimile transmission or other electronic means will constitute effective execution and delivery of this Agreement as to the Parties and may, for all purposes, be used in lieu of the original Agreement. Signatures of the Parties transmitted by facsimile, or other electronic means, will be deemed to be their original signatures for any purpose.

| | |
|---|---|
| Date: Jan 4, 2024 | **ON BEHALF OF DEFENDANT**<br><br>BY: *[signature]*<br><br>Printed Name: Janet Smith-Hill<br><br>Title: Chief Human Resources Officer |
| Date: _____ | **Named Plaintiff**<br><br>By: _____<br><br>Printed Name: _____ |

**Reviewed and approved as to form by counsel**

13

have been, and remain, solely responsible for timely payment of all taxes owed by each of them, if any, which have been due, or which may become due, to any governmental authority from receipt of any payments received from Defendant under this Agreement.

14.  **Authority**. Named Plaintiff represents and warrants she has full authority and power to make the releases and representations, and otherwise enter into this Agreement, on behalf of all Plaintiffs.

15.  **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original copy of this Agreement, and all of which, when taken together, will be deemed to constitute one and the same agreement. The exchange of copies of this Agreement and of signature pages by facsimile transmission or other electronic means will constitute effective execution and delivery of this Agreement as to the Parties and may, for all purposes, be used in lieu of the original Agreement. Signatures of the Parties transmitted by facsimile, or other electronic means, will be deemed to be their original signatures for any purpose.

| Date: _____ | **ON BEHALF OF DEFENDANT**<br>BY: _____<br>Printed Name: _____<br>Title: _____ |
|---|---|
| Date: 12/26/23 14:45 CST | **Named Plaintiff**<br>By: _*Sarah Brashear*_____<br>Printed Name: Sarah Brashear |

**Reviewed and approved as to form by counsel**

13

| | ANDERSON ALEXANDER, PLLC |
|---|---|
| Date: 1/3/24 09:49 CST | BY: *Clif Alexander* |
| | Printed Name: Clif Alexander |

14

**EXHIBIT 1**

15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SARAH J. BRASHEAR,
Individually and on behalf of all others
similarly situated,

        Plaintiff,

v.

SSM HEALTH CARE CORPORATION,

        Defendant.

Case No. 4:22-CV-00569-SRC

[proposed] FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT
AND DISMISSING ACTION WITH PREJUDICE

After having fully and carefully reviewed the Parties Joint Motion for Settlement Approval and the Parties' Settlement Agreement (Doc. ___ ), the Court hereby ENTERS FINAL JUDGMENT and ORDERS that:

    1.    The Settlement Agreement is APPROVED as a fair, equitable, and reasonable resolution of a *bona fide* dispute on the claims and FLSA provisions at issue in this contested litigation, and is incorporated herein by this reference and made a part hereof as though set forth in full.

    2.    The formula for allocation of settlement payments set forth in the Settlement Agreement is APPROVED as a fair, equitable, and reasonable measure for distributing the settlement payment to Plaintiffs.

    3.    All Plaintiffs are hereby deemed to fully and unconditionally waive and release any and all Released Claims (as that term is defined in the Settlement Agreement) against any and all Released Parties (as that term is defined in the Settlement Agreement), as more fully set forth in the Settlement Agreement.

4. The attorneys' fees of Redacted representing thirty-eight and one half percent (38.5%) of the settlement fund and costs, are APPROVED; and Defendant is hereby ORDERED to pay in accordance with and subject to the terms of the Settlement Agreement.

Accordingly, this Court enters JUDGMENT in accordance with this Order and in accordance with the terms of the Settlement Agreement. This case is DISMISSED WITH PREJUDICE, with all costs borne in accordance with the Settlement, and the Court retaining continuing jurisdiction as set forth herein.

SO ORDERED this _____ day of _____, 2023

Judge

17